**STATE of Missouri, ex rel., John COATS, Relator,**

v.

**Honorable Kenneth R. LEWIS, Judge of the Circuit Court for the County of Livingston, Respondent.**

**No. WD 36066.**

Missouri Court of Appeals, Western District.

April 9, 1985.

John Coats, pro se.

Robert B. Paden, Maysville, R. Brent Elliott, Chillicothe, for respondent.

Before MANFORD, P.J., and KENNEDY and NUGENT, JJ.

NUGENT, Judge.

### PROCEEDING IN MANDAMUS

This mandamus action arises out of relator John Coats' attempt to file an action in the circuit court of Livingston County for declaratory and injunctive relief against Donald Camper, Superintendent of the Women's Correctional Center at Chillicothe. Relator claims that Camper is improperly denying him visitation rights with his wife, Carol Coats, a prisoner at the Chillicothe facility. Coats is an inmate at the Missouri State Penitentiary at Jefferson City.

Relator Coats forwarded to the clerk of the court a letter requesting that his mo-

tion and affidavit as a poor person included in his enclosed complaint against Donald Camper be brought to the court's attention, citing Rule 77.04 [1] and § 514.040.[2] The affidavit attached to the motion avers that relator is confined in the penitentiary, that he has no money or property with which to pay or secure the payment of the costs of the action and that he verily believes that he has a just cause of action. The clerk brought Mr. Coats' motion for leave to proceed in forma pauperis to the attention of respondent, Judge Lewis, who shortly thereafter summarily denied the motion without hearing, explanation or comment and apparently without inquiry into Coats' financial state.

Relator then filed his petition for a writ of mandamus in this court. We issued our alternative writ directing the respondent to set aside his order denying petitioner leave to proceed as a poor person and to grant him an evidentiary hearing upon his motion and rule the motion on the basis of the evidence adduced or, in the alternative, to show cause why he should not do so.

Respondent Lewis answered that, first, relator's petition fails to state sufficient facts upon which to issue the writ, second, relator has no clear, positive and specific legal right upon which mandamus will issue because the grant of leave to proceed in forma pauperis is discretionary, and, third, relator made no demand for and the court did not refuse an evidentiary hearing, both indispensable to the grant of a writ of mandamus, which will not issue to enforce an anticipated omission.

In his later brief, however, respondent's counsel takes a different tack. He acknowledges that the trial court must first find the plaintiff to be a poor person and, if it does, *then* exercise its discretion, which is exactly what § 514.040 provides. That should end the dispute, but respondent goes on to argue that motions and affidavits do not prove themselves and the court had no duty to act because the plaintiff made no request for an evidentiary hearing on the issue of plaintiff's indigency. Respondent's counsel also contends that the court could and did properly reject plaintiff's affidavit "as not being all inclusive" and not proving that plaintiff was indigent.

The cases counsel relies upon for those propositions are not in point. They do not deal with the question of the sufficiency of the affidavit or motion filed by a person at the commencement of the action seeking leave to proceed as a poor person. Nor do those cases discuss the issues of the need to prove or the method of proving plaintiff's indigency at the time a case commences.

Respondent's brief cites *Carrell v. Carrell*, 503 S.W.2d 48 (Mo.App.1973). There the plaintiff at trial failed to adduce evidence of her indigency. The question whether she could *appeal* in forma pauperis was decided on the basis of that evidentiary deficiency at trial, not upon the sufficiency of plaintiff's affidavit. *Jackson v. Hartford Accident and Indemnity Co.*, 484 S.W.2d 315 (Mo.1972), also cited, is of no help because, like *Carrell*, it deals with

1. Rule 77.03, Missouri Rules of Civil Procedure, effective Jan. 1, 1981, now is substantially the same as the first part of former Rule 77.04. It provides as follows:
   If the plaintiff is a poor person, the court may permit the plaintiff to commence and prosecute the civil action without making a cost deposit or furnishing security for costs.

2. All sectional references are to the Revised Statutes of Missouri, 1978, unless otherwise indicated.
   In its pertinent part, § 514.040 reads as follows:
   If any court shall, before or after the commencement of any suit pending before it, be

satisfied that the plaintiff is a poor person, and unable to prosecute his or her suit, and pay the costs and expenses thereof, such court may, in its discretion, permit him or her to commence and prosecute his or her action as a poor person, and thereupon such poor person shall have all necessary process and proceedings as in other cases, without fees, tax or charge; and the court may assign to such person counsel, who, as well as all other officers of the court, shall perform their duties in such suit without fee or reward; but if judgment is entered for the plaintiff, costs shall be recovered, which shall be collected for the use of the officers of the court.

a motion to *appeal* as a poor person which was denied because "there was no showing of indigency as of the time of this appeal." *Id.* at 322. No mention is made of the sufficiency of or need for an affidavit to support a motion to proceed as a poor person. *Williams v. Williams*, 497 S.W.2d 415 (Mo.App.1973), which respondent's brief cites, is also inapposite. It does not discuss in forma pauperis affidavits but merely holds that motions do not prove themselves. In *Stanfill v. Stanfill*, 505 S.W.2d 438 (Mo.App.1974), which respondent's brief relies on to show that affidavits may not be treated as evidence, the court does not address the question of suits by poor persons or the use of affidavits in support of motions. The issue there was whether, absent a stipulation by the parties or any supporting testimony, verified statements of the wife's income and expense were admissible in lieu of trial evidence to show that she had no means to pay her attorney. Of course, affidavits may not be used at a trial on the merits in lieu of evidence because they could not be subjected to the usual tests of trial evidence the opposing party is entitled to apply to such evidence, such as cross-examination. But affidavits are used as prima facie evidentiary support for motions. *See*, for example, Rules 44.01, 54.20, 55.28, and 65.05.

Respondent's brief also relies upon this court's holding on direct appeal in *Standley v. Western Auto Supply Co.*, 319 S.W.2d 924 (Mo.App.1959), that the trial court committed no error in denying plaintiff's post-trial motion for leave to *appeal* in forma pauperis. In that case, however, plaintiff's trial testimony showed him to be regularly employed, and nothing in the record showed an abuse of discretion by the trial court in denying plaintiff's application. No mention is made of the sufficiency of the affidavit or the need to prove its averments.

The court in *Standley* notes that *State ex rel. Miller v. Smith*, 120 S.W.2d 184 (Mo.App.1938), holds that disposition of a motion to proceed as a poor person rests within the sound discretion of the trial court and is not subject to control by mandamus. Respondent also relies upon the latter case, but fails to mention that in fact the court permitted relator Miller to proceed in the underlying action without a deposit for fees and without giving bond for costs, although it denied her motion to proceed as a poor person. No mention is made of the sufficiency of relator's affidavit nor of proof of its allegations. Neither case discusses whether the court may deny leave to proceed in forma pauperis on any ground other than plaintiff's poverty.

As respondent correctly contends, however, *State ex rel. Miller v. Smith* and *Standley* do hold that the statute gives the trial court discretion to grant or deny a plaintiff's motion for leave to proceed in forma pauperis. But the crucial issue in this case is not, as respondent contends, whether or not the trial court properly exercised its discretion in denying relator's motion to proceed in forma pauperis; rather, the crucial issue is whether the motion can be denied before the trial court first makes a determination of indigency as required by § 514.040. *"If any court shall,* before or after the commencement of any suit pending before it, *be satisfied that plaintiff is a poor person* ... such court may, in its discretion, permit him or her to commence and prosecute his or her action as a poor person...."* (Emphasis added.) Under the explicit wording of the statute, a trial court may not exercise its discretion to grant or to deny a plaintiff leave to proceed in forma pauperis unless the court is first "satisfied" that the plaintiff is a "poor person." The statutory scheme quite clearly provides that, if the court is satisfied that the plaintiff is a poor person, it may permit the plaintiff to proceed in forma pauperis, but if the court is not satisfied that the plaintiff is a poor person, the court may not, that is, it has no discretion to permit the plaintiff to commence or prosecute the action as a poor person. That is so simply

because the statute does not grant the court the authority to permit just anyone to sue as a poor person. The plaintiff must be one the court is "satisfied ... is a poor person, and unable to prosecute his or her suit, and pay the costs and expenses thereof...." When the court does make that determination, its statutory discretion comes into play, but not before.

■ The scheme of the statute is to set up a two-stage inquiry. In the first stage, the court must determine the plaintiff's *eligibility* for the benefit of the statute based upon plaintiff's poverty. The second stage, given the plaintiff's indigency, is a consideration of those factors which invoke the court's discretion bearing on whether the plaintiff *ought to be allowed* to commence and prosecute the particular action as a poor person.

On these questions Missouri case law is as yet arid. For that reason, we turn to other authorities for guidance.

Under a similar statute[3] the Supreme Court of Colorado held that since the legislature put in the statute only one explicit criterion of eligibility, that is, the poverty of the plaintiff, it must have intended to limit the judge's discretion in such cases to consideration of the plaintiff's financial resources. *Cook v. District Court*, 670 P.2d 758 (Colo.1983) (en banc). In saying so, however, the Colorado court added a proviso not included in the statute: "at least in the absence of factors such as bad faith or a plainly frivolous claim" as in the federal statute discussed *infra*. *Id.* at 760.

The trial court in *Cook*, believing it had discretion under § 13–16–103 to do so, had

denied the plaintiff's petition for leave to proceed in the district court on the ground that the case should appropriately be litigated in the county court which would provide plaintiff an adequate forum. The Supreme Court held, however, that the test of whether a plaintiff may commence an action without payment of costs is whether the judge is satisfied that the plaintiff is a poor person unable to pay the costs and expenses. It remanded the case for reconsideration of plaintiff's in forma pauperis petition based upon an evaluation of his current financial condition. *Id.* at 761.

In *Hadley v. Ramah*, 134 Mich.App. 380, 351 N.W.2d 305 (1984), the plaintiff attempted to file his complaint for legal malpractice together with ex parte affidavits of indigency and motions for waiver of fees under the Michigan Supreme Court rule.[4] Despite the mandatory "shall" of the rule, the court held that, where the circuit court knows or has reason to believe that the averments of the affidavit are untrue, it has discretion to deny the waiver of fees. The court concluded, therefore, that the trial court may hold an evidentiary hearing to determine the affiant's financial status. It also held that the lower court was wrong in assuming that the plaintiff had no need for the five dollars in his prison account and the twenty dollars he earned each month as prison wages and could use those funds to pay court costs—contrary to the averments of the plaintiff's affidavits. The court remanded the case with the direction that, in its discretion, the trial court conduct an evidentiary hearing or require a new affidavit from the plaintiff or an affi-

---

3. The Colorado statute, § 13–16–103, C.R.S. 1973 (1982 Supp.), authorizes the waiver of costs for impecunious litigants. That section provides in part as follows:

"If the judge ... of any court ... is at any time satisfied that any person is unable to prosecute or defend any civil action or special proceeding because he is a poor person and unable to pay the costs and expenses thereof, the judge ..., in his discretion, may permit such person to commence and prosecute or defend an action or proceeding without the payment of costs...."

4. The rule, designated GCR 1963, 120.3, reads in its relevant parts as follows:

"In instances where the person is not receiving public assistance, the court shall order waiver of the payment of all fees and costs as to a person in the action ... upon that person submitting ... an *ex parte* affidavit stating facts showing that person's inability to pay those fees and costs because of indigency."

davit from prison officials, or adopt some similar procedure to discover plaintiff's true financial state, but that it not refuse to waive fees on an assumption which is unsupported by any record evidence.

The federal courts have frequently dealt with the question of the eligibility for the benefit of the federal statute authorizing actions in forma pauperis, 28 U.S.C. § 1915.

That statute provides in subsection (a) that the federal court

> may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action ... and affiant's belief that he is entitled to redress.

28 U.S.C. § 1915(a).[5]

Unlike § 514.040, the federal statute explicitly provides that the court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d).

Although its form is different and § 1915(d) is more explicit in providing for dismissal of frivolous and malicious petitions, the federal statute is much like the Missouri statute. It imposes on the trial judge a duty to entertain an application to proceed in forma pauperis, *Steffler v. United States*, 319 U.S. 38, 40, 63 S.Ct. 948, 949, 87 L.Ed. 1197 (1943), and it provides a two-step process for consideration of such applications. First, the court must determine that plaintiff is qualified under § 1915(a) by reason of his economic state and, if so, permit him to file his complaint. Second, the court may then determine under § 1915(d) whether the complaint is friv-

olous or malicious and, if so, dismiss it. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir.1982). The federal courts hold that, in the exercise of the trial court's wide discretion in making such determinations, plaintiffs' complaints must be construed liberally and that no complaint should be dismissed as frivolous unless under it the plaintiff can prove no set of facts entitling him to relief. *Cameron v. Fogarty*, 705 F.2d 676, 678 (2nd Cir.1983); *Bayron v. Trudeau*, 702 F.2d 43, 45 (2nd Cir. 1983); *Hogan v. Midland County Commissioners Court*, 680 F.2d 1101, 1103 (5th Cir.1982). A complaint is frivolous only if it is without arguable merit both in law and in fact; despite its wide discretion, a trial court must not act arbitrarily and may not deny an application on erroneous grounds. *Id.* Moreover, a pro se prisoner's complaint is governed by less stringent standards than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

In granting leave to proceed in forma pauperis, the federal courts have also concluded that the preferable procedure in such cases is, rather than summarily denying leave to proceed, to authorize commencement of an action if the court is satisfied from the averments on the face of the pleadings that the plaintiff is a poor person. If later the court discovers that the allegations of poverty are untrue or if it determines that the petition is frivolous or malicious, the court may dismiss the action. In the process, however, a complete record will thus be made in an orderly fashion for the benefit of the plaintiff, the trial court and the appellate court. *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir.1972); *Cole v. Smith*, 344 F.2d 721, 723 (8th Cir.1965). "Untimely dismissal may prove wasteful of the court's limited re-

---

**5.** The United States Supreme Court has held that a plaintiff need not be absolutely destitute to enjoy the benefit of § 1915(a). *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948). *See also*

*In re Smith,* 600 F.2d 714, 716 (8th Cir.1979) (a plaintiff's ability to pay for small comforts should not prohibit a prisoner's eligibility to sue as a poor person).

sources rather than expeditious, for it often leads to a shuttling of the lawsuit between the district and appellate courts." *Bayron v. Trudeau, supra*, 702 F.2d at 46.

In adopting § 514.040, the Missouri legislature must have contemplated that individuals would seek leave of court in several different situations. Many will seek leave who are not eligible poor persons. Others who are eligible poor persons will have unassailably valid claims. Still other eligible poor persons will seek leave although their claims are patently frivolous or malicious. Finally, some poor persons will appear whose claims will not withstand a motion to dismiss but are not clearly facially invalid.

■ For these reasons, we conclude that the legislature gave the trial judge authority to entertain, that is, to permit the plaintiff to file an in forma pauperis motion and affidavit together with plaintiff's proposed petition and to make a determination of the financial eligibility of the plaintiff for the privilege of commencing and prosecuting his action as a poor person. Section 514.-040 clearly contemplates a filing of such pleadings with the court. It provides for the court's action in "any suit *pending* before it." Suit cannot be "pending" until filed. *State* ex rel. *Kincannon v. Schoenlaub*, 521 S.W.2d 391, 393–94 (Mo.1975) (en banc).

■ The appropriate procedure, therefore, is to permit the filing of the suit papers subject to summary dismissal if the court is not "satisfied that the plaintiff is a poor person and unable to prosecute his or her suit, and pay the costs and expenses thereof ...." Even though the court is satisfied of plaintiff's indigency, however, before additional time and money are spent in obtaining service upon the defendant (or sometimes numerous defendants), the court may and should in its discretion examine the plaintiff's petition to see if it is patently and irreparably frivolous or malicious on its face so that, as pleaded, the plaintiff

could prove no set of facts entitling him to relief. For this additional reason, the court should require a plaintiff to file with his motion to proceed in forma pauperis his petition subject to the court's later dismissal if it proves to be patently and irreparably frivolous or to be malicious. If a plaintiff's petition is neither frivolous to that degree nor malicious, the trial court regularly should permit the case to proceed and be subjected to the usual tests of sufficiency (by motion to dismiss, for example), with the usual chances for the plaintiff to correct any defect in his petition.

■ The question remains, however, how the trial court may "satisfy" itself that the plaintiff is an eligible poor person. The Michigan court in *Hadley v. Ramah, supra*, 351 N.W.2d at 309–10, concluded that under its similar rule the trial court had the discretion to hold an evidentiary hearing to determine plaintiff's status as an indigent *or* to require affidavits of the plaintiff setting out the particulars of his current financial condition *or* to request affidavits of the prison authorities *or* to "adopt some similar procedure to discover plaintiff's true financial state." Missouri's rules are broad enough to permit similar treatment of a plaintiff's in forma pauperis motion. Rule 55.28, provides as follows:

When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

So long as any such procedure permits the making of the "complete record" in an "orderly fashion" as suggested by the federal decisions, *Cole v. Smith, supra*, 344 F.2d at 723, we believe that in following such a procedure the trial court will conform to the command of § 514.040 to satisfy itself that the plaintiff is a poor person before it permits the plaintiff to proceed as a poor person. Some cases, perhaps *most* cases, will not require an evidentiary hearing. That is a matter for the trial court to

decide. So long as the procedure the judge adopts is fair to the plaintiff and permits the judge to make a determination based upon material in the record and subject to review, we believe that the court will have done its duty under § 514.040.

■ The statute does not require proof beyond satisfying the trial court and it does not preclude the court's basing its determination on the traditional in forma pauperis affidavit. Difficulty will arise, however, where the trial judge, as in this case, summarily denies leave to proceed as a poor person despite the plaintiff's perfectly adequate affidavit and without further inquiry of any kind on the record. Until the record reflects such an inquiry by the court to which the application has been made, the court has not completed performance of the duty § 514.040 imposes on it. The plaintiff need not ask for an evidentiary hearing on pain of denial of leave. A hearing may never be required because in one case the plaintiff's indigency may be self-evident and in another his ineligibility may be revealed by the slightest inquiry, for example, of prison authorities. The court may or may not need an evidentiary hearing to make adequate inquiry and render a fair decision on plaintiff's motion.

■ In this case plaintiff's affidavit of poverty is sufficient. It avers that he has no money or other property to pay the costs of this action, that he is confined in prison, and that he "verily believes that he has a just cause of action and that he is entitled to the relief sought." Absent the court's order for a more particularized affidavit, this affidavit in the traditional form is adequate under § 514.040, which requires no affidavit at all.

Respondent has made no attack on the sufficiency of plaintiff's petition. Although it is by no means a model, it is an adequate pro se statement of a cause of action and does not on its face appear to be frivolous or malicious.

■ Finally, respondent asserts that mandamus will not lie to require a court to do a discretionary act, but what relator seeks here is not mandamus to require the court to exercise its discretion. Relator seeks and we have heretofore directed the trial court to take action to comply with the duty § 514.040 imposes on it: to determine whether or not plaintiff is a poor person entitled to the benefit of that statute. The statute requires the trial court to do that and grants the court no discretion to do otherwise. Discretion does not come into play until plaintiff's indigency has been determined to the trial court's satisfaction.

For the foregoing reasons, we now issue our peremptory writ of mandamus, directing the respondent (1) to cause to be filed relator's "Motion for Leave to Proceed in Forma Pauperis, for the Issuance of Summons without cost, for Declaratory and Injunctive Relief," which we take to include the petition stating his cause of action, if it has not yet been filed, and (2) to determine by means of evidentiary hearing or such other means on the record as are consistent with this decision whether relator is a poor person entitled to the privilege of commencing and prosecuting his action under the provisions of § 514.040.

All concur.