812 F.2d 1079
 Ernest WILLIAMS, Appellant,
v.
ST. LOUIS COUNTY, K. Tihen, J. Ruddy, City of Berkeley, R.A.
Barry, Berkeley Police Dept., R.E. Woerther, A.
Zeis, A. Hunt, J.D. Wright, Wicks M.
Poeschell, and C.J.
Hoffmeister, Appellees.
 No. 86-1903.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 19, 1986.
Decided March 4, 1987.
 
 Briefs of appellant and appellee were not filed.
 Before HEANEY, ARNOLD, and BOWMAN, Circuit Judges.
 ARNOLD, Circuit Judge.
 
 
 1
 Ernest Williams appeals from the District Court's denial of his motion to vacate a January 7, 1986 order dismissing his 42 U.S.C. Sec. 1983 suit. Williams's complaint alleged that the defendants had deprived him of certain property without due process. The District Court dismissed the complaint on the ground that Missouri law provided Williams adequate postdeprivation remedies for his loss, citing Parratt v. Taylor, 451 U.S. 527, 539-44, 101 S.Ct. 1908, 1914-17, 68 L.Ed.2d 420 (1980), and Allen v. City of Kinloch, 763 F.2d 335 (8th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 313, 88 L.Ed.2d 289 (1985). Williams has moved this Court for appointment of counsel, and certain of the defendants have moved that his appeal be dismissed for lack of jurisdiction. Having received briefs from certain defendants, we proceed to address the merits of Williams's appeal; because we conclude that Williams's efforts to invoke state remedies after the dismissal of his Sec. 1983 suit demonstrate that he in fact has no adequate postdeprivation remedy at state law, we reverse the decision of the District Court.
 
 I.
 
 2
 Williams is a Missouri state prisoner serving a life sentence for homicide. The property at issue here was taken from him by officers of the Berkeley, Missouri, Police Department following his arrest for the homicide on January 8, 1981. The property consists of clothing, a wallet, keys, currency, and, most importantly, a gold ring with four diamonds that Williams values at $4,500.
 
 
 3
 On September 3, 1985, Williams filed this suit in the District Court. Williams's complaint alleges that while his property was originally seized on the pretext that it was to be used as evidence, it was not used as evidence, and that, in fact, the defendants took the property from him with the intention of permanently depriving him of it. Williams also alleges that on March 26, 1981, defendant Ruddy, a St. Louis County Circuit Judge, ordered all Williams's assets seized to be used to pay attorney's fees for Williams's defense counsel; Williams contends that there was no authority for Ruddy's order under Missouri law, that it was issued without adequate procedural safeguards, and that the various defendants knew the order was void on its face. Williams's complaint did not specify whether the property at issue was ever seized pursuant to Judge Ruddy's order, or simply remained out of Williams's hands due to its original seizure upon his arrest, and did not state whether the defendants still have the property or have disposed of some or all of it; presumably, Williams was in the dark on these points. In any case, Williams alleged that the defendants'[1] actions deprived him of property without due process, and sued for return of his property and damages under 42 U.S.C. Sec. 1983.[2]
 
 
 4
 The defendants did not file answers to Williams's complaints, and instead filed motions for its dismissal on several grounds. In its January 7, 1986 order, the District Court agreed with the defendants that Williams had alleged only a random, unauthorized, albeit intentional, deprivation of his property, and that, under Parratt v. Taylor, 451 U.S. 527, 539-44, 101 S.Ct. 1908, 1914-17, 68 L.Ed.2d 420 (1980), and Hudson v. Palmer, 468 U.S. 517, 534-35, 104 S.Ct. 3194, 3204-05, 82 L.Ed.2d 393 (1984), this did not violate his due process rights if the state provides an adequate postdeprivation remedy. The Court continued, citing Allen v. City of Kinloch, 763 F.2d at 337, that Williams had an adequate postdeprivation remedy in the form of a Missouri common-law replevin action or an action under R.S.Mo. Sec. 542.301(1). On this basis, the District Court dismissed Williams's complaint.[3]
 
 
 5
 Williams did not appeal the District Court's dismissal. Instead, he promptly attempted, unsuccessfully, to file an in forma pauperis action for the return of his property in the Circuit Court of St. Louis County. Williams alleges, however, that on two occasions the Clerk of the Circuit Court returned his pleadings to him, unfiled, because he failed to comply with a local rule concerning in forma pauperis actions. When Williams attempted to file his pleadings a third time, this time having obtained a copy of and complied with the local rule, the Clerk again returned the pleadings unfiled, this time because the Court, without giving a reason, denied him leave to proceed in forma pauperis.[4] Williams was directed to pay a filing fee of $177.00 if he wished to have his pleadings filed. Williams then petitioned the Missouri Supreme Court for a writ of mandamus to compel the Circuit Court to grant him in forma pauperis status, but that Court denied his petition, also without giving a reason.
 
 
 6
 Williams then returned to the District Court with a motion under Fed.R.Civ.P. 60(b) to vacate the January 7, 1986 dismissal and reinstate his civil-rights complaint. The District Court denied this motion in a one-sentence order dated June 17, 1986, and Williams filed a timely notice of appeal from this order.
 
 
 7
 On October 22, 1986, this Court directed the defendants to file briefs addressing several factual and legal questions concerning the authority for Judge Ruddy's March 26, 1981 orders in the homicide prosecution, the disposition of Williams's property, the reasons why the Circuit Court for St. Louis County rejected Williams's state-law action, and the applicable Missouri statute of limitations. In response, defendant Barry, an Assistant Prosecuting Attorney for St. Louis County, and defendant Tihen, an investigator for the St. Louis County prosecutor, acknowledged that the St. Louis County prosecutor's office acquired Williams's property for purposes of its prosecution of Williams for homicide. Barry and Tihen further revealed that Williams's property has not been disposed of, and is currently stored in the St. Louis County prosecutor's evidence locker.
 
 II.
 
 8
 We first address the motion of several of the defendants to dismiss this appeal for lack of jurisdiction. The defendants argue that Williams's appeal is untimely under Fed.R.App.P. 4(a) because he did not notice the appeal within 30 days of the District Court's January 7, 1986, dismissal of his complaint. This argument is without merit; Williams has appealed the June 17, 1986 denial of his motion to vacate, not the original dismissal of his complaint, and he noticed his appeal of this order in timely fashion. See Fed.R.App.P. 4(a) (notice of appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from." (emphasis added)).
 
 III.
 
 9
 We therefore turn to the merits of Williams's Rule 60(b) motion. Williams contends that the Missouri courts' refusal to grant him in forma pauperis status demonstrates that he has no adequate postdeprivation remedy at state law. He maintains that this development requires vacation of the District Court's dismissal, which was wholly predicated upon the availability of such a remedy. We agree.
 
 
 10
 The definition of what constitutes an adequate postdeprivation remedy under Parratt and its progeny has been the subject of some discussion and disagreement among courts and commentators; for the most part the debate has focused upon whether state immunity laws that would block recovery render otherwise-available state remedies inadequate. See Smolla, The Displacement of Federal Due Process Claims by State Tort Remedies: Parratt v. Taylor and Logan v. Zimmerman Brush Company, 1982 U.Ill.L.Rev. 831, 871-86; Note, Parratt v. Taylor Revisited: Defining the Adequate Remedy Requirement, 65 B.U.L.Rev. 607, 623-44 (1985). Compare, e.g., Groves v. Cox, 559 F.Supp. 772 (E.D.Va.1983) (sovereign-immunity bar to relief does not render remedy inadequate), with Lambert v. McFarland, 612 F.Supp. 1252, 1267-68 (N.D.Ga.1984) (governmental function immunity renders remedy inadequate). This issue was raised before the Supreme Court in Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), but the Court found it unnecessary to resolve the question. Justice Blackmun, dissenting in Davidson, would have held that a New Jersey immunity statute rendered a state-law tort claim an inadequate remedy, 106 S.Ct. at 676-77 (Blackmun, J., joined by Marshall, J., dissenting); Justice Stevens, concurring in Daniels and Davidson, took the position that such immunities do not render a remedy inadequate under Parratt. 106 S.Ct. at 680-81.
 
 
 11
 Fortunately, the present case can be resolved without entering the lists in this debate. For here, even the standard for adequate postdeprivation remedies espoused by courts with the most expansive view of what constitutes an adequate remedy indicates that Williams has no adequate state remedy. Courts that have approved remedies that were subject to sovereign or official immunity have taken the view that a postdeprivation remedy is adequate if it simply affords "the right to present a claim and be heard," Groves v. Cox, supra, 559 F.Supp. at 777, and that "Parratt requires [no] more than the provision of a hearing ... before a body with authority to grant a remedy." Id. at 775-76. See Note, Parratt v. Taylor Revisited, supra, 65 B.U.L.Rev. at 623-27. In our view, Missouri, by virtue of the rebuff of Williams's efforts to proceed in forma pauperis, has not permitted him to present his claim and be heard.
 
 
 12
 We can discern no basis for the state courts' denial of in forma pauperis status that is sufficient to meet the requirements of Parratt; indeed, the denial of Williams's petition for leave to proceed in forma pauperis is inexplicable.[5] First, both Missouri statutes and rules of court provide authority for courts to waive filing fees and permit litigants to proceed in forma pauperis. See R.S.Mo. Sec. 514.040; Mo.R.Civ.P. 77.03. See generally State ex rel. Coats v. Lewis, 689 S.W.2d 800, 802 (Mo.App.1985).[6] Further, there is nothing to indicate that Williams has the money to proceed in any fashion other than in forma pauperis. The District Court allowed Williams to proceed in forma pauperis upon a showing that he was unemployed, without significant assets (other than those he seeks to recover here), and without income, except for an occasional $20 his family sends him in prison. The District Court record contains the affidavit of indigence Williams says he attempted to file in the Circuit Court of St. Louis County. It also avers that Williams is incarcerated, unemployed, without income, and without significant assets; in Coats, the Missouri Court of Appeals found an almost identical affidavit from a state prisoner sufficient to establish the prisoner's in forma pauperis status. 689 S.W.2d at 807. Further, there is nothing to indicate that Williams's state-court pleadings were meritless on their face.
 
 
 13
 To refuse to waive filing fees and grant in forma pauperis status in these circumstances raises concerns of a constitutional magnitude even outside the context of an assessment of the adequacy of state remedies under Parratt. See Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). We need not address those concerns here, however; instead, we hold only that where an indigent plaintiff presents a non-frivolous state-law claim, the denial of in forma pauperis status or similar relief for no apparent reason renders an otherwise-adequate postdeprivation remedy inadequate under Parratt.
 
 
 14
 We further hold that the Missouri courts' disposition of Williams's efforts to pursue state remedies requires that the District Court's dismissal of his Sec. 1983 complaint be vacated under Rule 60(b)(6). See Klapprott v. United States, 335 U.S. 601, 614-15, 69 S.Ct. 384, 93 L.Ed. 266 (1949) (Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."). See generally C. Wright & A. Miller, Federal Practice and Procedure, Sec. 2864 (1973 and 1986 Supp.). The District Court's original decision that adequate state-law remedies were available to Williams was entirely justified when made; nonetheless, subsequent developments that the District Court could not have anticipated have shown that those remedies are not, in fact, open to Williams. Williams has been diligent throughout in pursuing his claims, and we can see no injustice that would come to the defendants from the reinstatement of his suit. In these circumstances, we think the only equitable solution is to vacate the dismissal of Williams's action and permit him to have his claims heard on their merits.
 
 IV.
 
 15
 For these reasons, we reverse the decision of the District Court denying Williams's motion to vacate, and order that his suit be reinstated, subject, of course, to any applicable defenses, e.g., absolute or qualified immunity, that defendants may assert.
 
 
 
 [1]
 The defendants consist of two groups, those connected with St. Louis County and those connected with the City of Berkeley. The former group comprises the county itself, Assistant Prosecuting Attorney Richard Barry, and investigator Kenneth Tihen. The latter group comprises the City of Berkeley, the Berkeley Police Department, and several individual Berkeley police officers. St. Louis County never entered an appearance in the District Court nor filed an answer. Defendants Barry and Tihen have appeared together represented by the same attorney. A single attorney represents all of the individual Berkeley defendants as well as the City of Berkeley
 
 
 [2]
 Williams, who is black, also alleged, albeit in somewhat conclusory fashion, that the defendants had taken his property and kept it from him because of his race, in violation of the Equal Protection Clause of the Fourteenth Amendment, and cited a number of other civil rights statutes as bases for relief, including 42 U.S.C. Secs. 1981, 1982, 1985, and 1988
 
 
 [3]
 The District Court dismissed not only Williams's procedural due-process claim, but his equal-protection claim as well. See supra, n. 2. This was error. Parratt governs only procedural due-process claims; the availability of an adequate postdeprivation remedy is germane to the question whether due process has been afforded, but has no bearing on claims that a plaintiff's Equal Protection, First Amendment, or other substantive rights have been violated. On remand, the equal-protection claim should be reinstated
 
 
 [4]
 The District Court record contains this third set of state circuit court pleadings, including Williams's request to proceed in forma pauperis and his affidavit of indigence
 
 
 [5]
 Defendants suggest that Williams's state-court action may have been barred by limitations. Certainly the existence of a good statute-of-limitations defense would not make a state-court remedy inadequate for Parratt purposes. But here the state courts have not said that limitations is a bar, and it seems clearly not to be. The applicable statute of limitations is three years, R.S.Mo. Sec. 516.130, but the cause of action probably did not accrue until Williams's criminal conviction became final, on October 21, 1983. Only then did it become clear that Williams's property would not be needed as evidence
 
 
 [6]
 In Coats, the Court held that when a plaintiff files pleadings accompanied by a request to proceed in forma pauperis, Sec. 514.040 requires the circuit court to permit the filing subject to summary dismissal if the court is not satisfied that the plaintiff qualifies as an indigent. 689 S.W.2d at 806. Coats further held that a circuit court has no discretion to determine a prospective plaintiff's indigence until the pleadings are filed. Id. at 807. Here, however, the circuit court denied Williams in forma pauperis status in summary fashion, without ever filing his pleadings, and the Missouri Supreme Court, as evidenced by its denial of a writ of mandamus, refused to interfere with this disposition