**John GEORGE, Appellant,**

v.

**Mary BASHAM, Randall Mobly and John Buchheit, Respondents.**

No. 53149.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 22, 1987.

John George, Jefferson City, for appellant.

William L. Webster, Atty. Gen., Jeffrey P. Dix, Asst. Atty. Gen., Jefferson City, for respondents.

CRIST, Judge.

John George (prisoner) appeals the dismissal of his civil rights action against two state prison employees and the Deputy Juvenile Officer for Cape Girardeau County. His only claim of error is that the dismissal was improper because his petition stated a cause of action. We affirm.

On March 19 or 20, 1987, notice of a juvenile hearing concerning prisoner's son was sent to prisoner by registered mail. The hearing was scheduled for March 27, 1987. He received this notice on March 25, 1987.

Prisoner filed a petition in the circuit court claiming his constitutional rights were violated by the defendants because the notice was improperly withheld until March 25, and he was denied permission to phone the court on the day of the hearing to request a continuance.

Prisoner was allowed to proceed as a poor person under § 514.040, RSMo 1986. The trial court dismissed his petition upon finding it was patently and irreparably frivolous.

> Even though the court is satisfied of plaintiff's indigency, however, before additional time and money are spent in obtaining service upon the defendant (or sometimes numerous defendants), the court may and should in its discretion examine the plaintiff's petition to see if it is patently and irreparably frivolous or malicious on its face so that, as pleaded, the plaintiff could prove no set of facts entitling him to relief. *State ex rel. Coats v. Lewis*, 689 S.W.2d 800, 806[4] (Mo.App.1985).

Under § 211.111.2, RSMo 1986, prisoner was entitled to twenty-four hours' notice of the hearing, and the notice was required to have been mailed five days before the hearing. Prisoner admits both of these requirements were satisfied; therefore, his action against John Buchheit, the Deputy Juvenile Officer, was properly dismissed as frivolous.

Prisoner alleges defendant, Mary Basham, violated his due process rights by failing to deliver his mail promptly. He alleges defendant, Randall Mobly, violated his due process rights by refusing to allow him to call the clerk on March 27 to request a continuance.

The essence of this action is that prisoner received late notice of the hearing. Because we have already found prisoner received the notice he was entitled to under

the law, his suit against Basham and Mobly was also properly dismissed.

We also note prisoner's claim was defective in failing to allege how he was injured by any of the alleged violations of his constitutional rights. He did not allege the hearing actually occurred on March 27, 1987, the results of the hearing, or how he could have influenced the outcome of the hearing in any way.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.