Larry Merola, Mineral Point, pro se.

William L. Webster, Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and CLARK and BERREY, JJ.

PER CURIAM.

Appellant requested leave to bring an action *in forma pauperis,* and he filed a petition for damages under 42 U.S.C. § 1983. The trial court denied his request to proceed *in forma pauperis* on the grounds that his petition was frivolous or malicious in that appellant could prove no set of facts entitling him to relief. He now appeals, claiming that his petition has sufficient merit to proceed through the adversary process.

Reversed and remanded.

Appellant, an inmate at the Missouri State Penitentiary (MSP), filed a 42 U.S.C. § 1983 action seeking money damages from George Adams, a MSP corrections officer. Appellant's petition states that, on

**Larry MEROLA, Appellant,**

v.

**George ADAMS, Respondent.**

**No. WD 42534.**

Missouri Court of Appeals,
Western District.

May 29, 1990.

Rehearing Denied July 3, 1990.

April 30, 1983, Adams charged appellant with a conduct violation for destroying state property, and then ordered appellant to be placed in disciplinary segregation without a prior hearing. The petition further alleges that, after appellant had spent six days in disciplinary segregation, he appeared before a disciplinary committee, and the committee dismissed the charge against him.

Appellant's petition was filed on December 18, 1987. Twenty months later, the trial court denied appellant's request to proceed *in forma pauperis* and required appellant to pay a $100.00 filing fee to proceed with the action. On September 22, 1989, the case was dismissed for failure to pay costs.

As his sole point on appeal, appellant claims that the trial court erred in refusing to allow him to proceed *in forma pauperis*. Appellant contends that his petition is not frivolous or malicious, and that it should therefore be allowed to proceed and be subjected to the usual tests of sufficiency.

In Missouri courts, *in forma pauperis* actions are governed by § 514.040, RSMo 1986, which states that, if a trial court is satisfied that a plaintiff is unable to pay the costs and expenses of prosecuting an action, such court "may, in its discretion, permit him or her to commence and prosecute his or her action ... without fees, tax or charge." However, the Missouri *in forma pauperis* statute provides no standards to guide a court's discretion in determining whether to allow a particular case to go forward.

Consequently, in *State ex rel. Coats v. Lewis*, 689 S.W.2d 800 (Mo.App.1985), we determined that the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides an appropriate standard to temper the trial court's discretion. That statute expressly authorizes the court to dismiss a pauper's petition upon a finding that it is frivolous or malicious. § 1915(d). *State ex rel. Coats v. Lewis*, also discusses the standard for determining whether a plaintiff's petition is frivolous or malicious for the purposes of the Missouri *in forma pauperis*

statute. There, we stated that the trial court should:

> [E]xamine the plaintiff's petition to see if it is patently and irreperably frivolous or malicious on its face so that, as pleaded, the plaintiff could prove no set of facts entitling him to relief.... If a plaintiff's petition is neither frivolous to that degree nor malicious, the trial court regularly should permit the case to proceed and be subjected to the usual tests of sufficiency (by motion to dismiss, for example), with the usual chances for the plaintiff to correct any defect in his petition.

689 S.W.2d at 806.

Applying these principles to the case at bar, we find that appellant's petition is not frivolous or malicious for the purposes of § 514.040. In so holding, we are making no judgment on the merits of appellant's cause of action. Instead, we are merely unable to find that, on the face of the petition itself, appellant can prove no set of facts entitling him to relief.

Section 217.375.1, RSMo 1986 provides that an inmate who has violated an institutional rule "may, after proper hearing and upon order of the chief administrative officer of the institution, be confined in an adjustment unit for a period not to exceed ten days." Section 217.150(1) defines an "adjustment unit" as a "cell for the segregation of inmates from the general population because the inmate has been found to have committed a violation of a division or institution rule and other available means are inadequate to regulate an inmate's behavior within acceptable limits."

██ Thus, under the express terms of § 217.375.1, confinement in an adjustment unit requires a prior hearing and an order by the chief administrative officer. *Howard v. Armontrout*, 729 S.W.2d 547, 549 (Mo.App.1987). But, according to the allegations in appellant's petition, neither of these statutory requirements was met in his case. Such a deprivation is addressable in a 42 U.S.C. § 1983 action, as § 217.375 creates a protected liberty interest. *Id.*

In *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), the United

States Supreme Court held that the disciplinary segregation of a state prisoner without a prior hearing may violate due process if the postponement of procedural protection is not justified by apprehended emergency conditions. Consequently, the Court overturned the dismissal of the prisoner's 42 U.S.C. § 1983 action for failure to state a claim. Consistent with *Hughes v. Rowe*, appellant in the case at bar alleged that no emergency conditions provisions of § 217.375.2 (which allow for a postponement of a hearing under such conditions) do not apply. The remarks of the Court in *Hughes v. Rowe* are applicable in the case at bar:

> Our discussion of this claim is not intended to express any view on its merits. We conclude merely that the amended complaint was adequate at least to require some response from respondents, by way of affidavit or otherwise, to petitioner's claim that he was unjustifiably placed in segregation without a prior hearing. Although petitioner's pleadings are ... lacking in stylistic precision, this is not a case ... in which a *pro se* litigant's detailed recitation of the facts reveals on its face the insufficiently of the complaint. We cannot say with assurance that petitioner can prove no set of facts in support of his claim entitling him to relief.

101 S.Ct. at 177.

According to the Conduct Violation Report which was filed as an attachment to appellant's petition, appellant was "placed in disciplinary segregation in his cell." From the petition alone, we are unable to determine whether appellant's confinement in his cell is tantamount to his being confined in an "adjustment unit," which would make the statutory provisions of § 217.375.1 relevant to his case. Without more information on this issue, it is impossible to satisfactorily determine whether the liberty interest and procedural safeguards which are created by § 217.375 would apply to appellant's situation.

In short, it would be premature to determine from the petition alone that appellant "could prove no set of facts entitling him to relief." The disposition of this case is further hindered by the fact that the Office of the Attorney General did not provide us with a respondent's brief in this matter.

Accordingly, the judgment of the trial court is reversed, and the case remanded for further proceedings consistent with this opinion.