83 F.3d 432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles Timothy KLING, Plaintiff-Appellant,
v.
G. Greg VALDEZ, Individually and in his official capacity as
Third Judicial District Attorney; Ramon Acosta,
Individually and in his capacity as an employee of the Third
Judicial District Attorney, Defendants-Appellees.
 No. 95-2131.
 United States Court of Appeals, Tenth Circuit.
 April 25, 1996.
 
 ORDER AND JUDGMENT*
 Before PORFILIO, McKAY, and KELLY, Circuit Judges.**
 
 
 1
 KELLY, JR.
 
 
 2
 Mr. Kling appeals from a summary judgment entered in favor of DefendantsAppellees on his civil rights and state law claims in connection with his termination as an investigator. Although he was ordered reinstated and awarded back pay in a state post-termination proceeding, he contends that qualified immunity for the Defendants was improper and that his First Amendment claim alleging termination due to political activity should have gone forward. Our review of these legal issues is de novo.
 
 
 3
 Mr. Kling cannot assert a constitutional right for deprivation of substantive or procedural due process under our precedent given the remedies afforded him. See Workman v. Jordan, 32 F.3d 475, 479 (10th Cir.1994), cert. denied, 115 S.Ct. 1357 (1995); Archuleta v. Colorado Dep't of Institutions, 936 F.2d 483, 489-90 (10th Cir.1991). Therefore, qualified immunity was properly granted. See Siegert v. Gilley, 500 U.S. 226, 232-33 (1991). While we may agree that a state post-deprivation remedy does not necessarily foreclose a First Amendment retaliation claim, cf. Williams v. St. Louis County, 812 F.2d 1079, 1081 n. 3 (8th Cir.1987), it is unlikely that the complaint envisioned an independent First Amendment claim. Be that as it may, Plaintiff's response to the Defendants' motion for summary judgment was wholly inadequate to preclude summary judgment on such a claim, consisting of references to allegations contained in the complaint. See III R. doc. 40 at 3-6. Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Plaintiff was required to come forth with evidence; Defendants were not required to negate the allegations. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 4
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument