**William COOPER, Appellant,**

v.

**Ronald KNOX, Respondent.**

**No. WD 53326.**

Missouri Court of Appeals,
Western District.

June 10, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 1997.

Application to Transfer Denied
Sept. 30, 1997.

William Cooper, Moberly, appellant pro se.

Jeremiah W. (Jay) Nixon, Attorney General, John R. Munich, Deputy Attorney General for Litigation, Mary S. Erickson, Assistant Attorney General, Jefferson City, for respondent.

Before HANNA, P.J., and ELLIS and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Appellant William Cooper appeals the dismissal of his *in forma pauperis* Petition before summons had been served on the defendants. We find that the trial court properly considered the question whether Mr. Cooper was entitled to proceed *in forma pauperis* before allowing summons to issue, and properly determined that the suit below should be dismissed pursuant to Rule 55.27(a)(10) because Mr. Cooper has another similar case on the same issues pending in federal court. We further find that the suit below was frivolous in that Mr. Cooper has previously had the same suit dismissed in state court based on the pendency of the federal action. We finally find that under the doctrine of *res judicata* the trial court properly dismissed with prejudice the claims against those persons dismissed with prejudice or granted summary judgment in the federal action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant William Cooper has been incarcerated at Moberly Correctional Center since November 1981. On September 26, 1994, Mr. Cooper filed a complaint in the United States District Court for the Eastern District of Missouri (the federal lawsuit), alleging that various prison officials and medical staff violated the Civil Rights Act, 42 U.S.C. § 1983, by failing to prevent Mr. Cooper from contracting herpes while incarcerated.

Two days later, Mr. Cooper attempted to file an identical action in the circuit court of Randolph County, Missouri, *in forma pauperis* against the same defendants and an

additional two defendants, alleging they had conspired to violate his civil rights. The case was assigned to Judge Blaeuer, who permitted Mr. Cooper to file his Petition without deposit for costs and then asked the Attorney General to show cause why Mr. Cooper should not be permitted to proceed *in forma pauperis.* The Attorney General showed that the same claims were being pursued in the pending federal lawsuit. Based upon this information, Judge Blaeuer dismissed the 1994 Randolph County lawsuit pursuant to Rule 55.27(a)(10). That Rule states that a claim may be dismissed if "there is another action pending between the same parties for the same cause in this state." Mr. Cooper appealed that ruling, but his appeal was dismissed for failure to prosecute when he failed to file a brief on appeal. The dismissal of his claim under Rule 55.27(a)(10) thus was binding on Mr. Cooper.

Over the following year and one-half, the judge hearing Mr. Cooper's federal lawsuit dismissed without prejudice Mr. Cooper's claims against one defendant, dismissed with prejudice the claims against nineteen other defendants, and granted summary judgment in favor of yet other defendants. As of March 19, 1996, however, Mr. Cooper still had a claim pending in the federal lawsuit against one defendant, Ronald Knox.[1]

On March 19, 1996, while the federal case was still pending against Mr. Knox, Mr. Cooper again filed an action in Randolph County, Missouri again alleging negligence, conspiracy, and civil rights violations against most of the same defendants in Mr. Cooper's earlier actions. The case was again assigned to Judge Blaeuer, who again did not rule immediately on the merits of Mr. Cooper's claim that he was entitled to proceed *in forma pauperis,* but did permit Mr. Cooper to file his Petition without paying a cost deposit pending determination of Mr. Cooper's *in forma pauperis* status. Judge Blaeuer then issued an order to the Attorney General to show cause why summons should not be issued against the defendants.

As he had before, the Attorney General argued that summons should not be issued because Mr. Cooper had a suit based on the same facts and claims pending in federal court. The Attorney General alternatively argued that the Petition should be dismissed as frivolous or malicious in that Judge Blaeuer had already ruled in dismissing the 1994 Randolph County suit that pursuant to Rule 55.27(a)(10) Mr. Cooper could not file this suit in state court until the federal action was no longer pending. The Attorney General showed that the action was still pending against Mr. Knox, and argued that Mr. Cooper's filing of yet another state court suit was therefore frivolous or malicious.

On August 16, 1996, the trial court dismissed Mr. Cooper's Petition with the following docket entry:

> Court finds that Plaintiff has the same or similar lawsuit filed in 1994 now pending in a federal court. Court concludes that the federal action is not yet final. Court concludes that brings Plaintiff within the prohibition of Rule 55.27(a)(10). Court finds that numerous Defendants named in the federal court action have been granted summary judgment or have been dismissed from that action with prejudice. The Court concludes that Plaintiff's request for issuance of summons should be and is hereby denied. ***Court orders cause dismissed with prejudice to its re-filing during the pendency of the federal court action, and with prejudice as to all persons granted summary judgment or dismissed with prejudice from the federal action. Defendant's request for a finding that Plaintiff's action is a frivolous and malicious action under § 217.262 is considered and denied, the Court concluding that it cannot find that Plaintiff's pleading or any portion thereof will support a finding of any of the acts enumerated in sub-sections (1) through (6) of the statute.***

(Emphasis added). This appeal by Mr. Cooper followed.

---

1. Since the time this appeal was filed, the record has been supplemented to show us that on March 19, 1997, the Eastern District granted summary judgment to the final remaining defendant, Mr. Knox. We must determine this appeal, however, based upon the fact that Mr. Knox was still in the suit as of the time that the court ruled below.

## II. DISMISSAL WITHOUT ISSUANCE OF SUMMONS

■ On appeal, Mr. Cooper claims that the trial court erred in not issuing summons as to the defendants. In support of his argument, Mr. Cooper cites us to the portion of the *in forma pauperis* statute, Section 514.040, which states:

If any court shall, before or after the commencement of any suit pending before it, be satisfied that the plaintiff is a poor person, and unable to prosecute his or her suit, and pay all or any portion of the costs and expenses thereof, such court may, in its discretion, permit him or her to commence and prosecute his or her action as a poor person, and thereupon such poor person shall have all necessary process and proceedings as in other cases, without fees, tax or charge as the court determines the person cannot pay.

§ 514.040, RSMo Cum.Supp.1996.

As Mr. Cooper notes, the statute does state that a person who is permitted to proceed *in forma pauperis* has the right to issuance of necessary process. Mr. Cooper is not entitled to invoke that right, however, for the judge below did not rule that Mr. Cooper could proceed *in forma pauperis.* Instead, the court followed the procedures set out in *State ex rel. Coats v. Lewis,* 689 S.W.2d 800, 806 (Mo.App.1985), for determining whether Mr. Cooper should be permitted to proceed *in forma pauperis.* As *Coats* notes, in such a case the plaintiff should be permitted to file the Petition, along with a motion to proceed *in forma pauperis* and an affidavit in support, subject to later dismissal if the court finds that the plaintiff is not eligible to bring suit as a poor person. *Id.*

■ In order to determine whether plaintiff is eligible to bring suit as a poor person and as such is entitled to service of process, the court should engage in a two-step inquiry: (1) determine whether the plaintiff is truly unable to pay the costs and expenses of his suit; and (2) examine the plaintiff's claims to determine if they are frivolous or malicious. If the court finds that the plaintiff is truly unable to pay the costs and expenses of suit and that the action is not frivolous or malicious, then he should permit the plaintiff to proceed *in forma pauperis.* If not, then the court should dismiss the action without permitting service of process or issuance of summons. *Id.*

The reason for requiring the trial court to determine whether the Petition is frivolous before rather than after issuance of summons and service of process, and to allow the court to look outside the Petition, was stated in *Coats* as follows:

Even though the court is satisfied of plaintiff's indigency ... before additional time and money are spent in obtaining service upon the defendant (or sometimes numerous defendants), the court may and should in its discretion examine the plaintiff's petition to see if it is patently and irreparably frivolous or malicious on its face so that, as pleaded, the plaintiff could prove no set of facts entitling him to relief.

*Id.*

■ In accordance with the *Coats* procedure, Judge Blaeuer allowed Mr. Cooper to file his petition without paying a cost deposit. Before spending additional time and money in obtaining service upon the more than thirty defendants, however, he gave the Attorney General, on behalf of the defendants, an opportunity to show cause why summons should not be issued. In response, as noted, the Attorney General argued that summons should not be issued because Mr. Cooper has a similar or identical lawsuit pending in federal court, and had an identical lawsuit previously dismissed in state court and had failed to timely complete his appeal of the latter dismissal.

It was based upon this record that Judge Blaeuer held that the pendency of the federal action "brings Plaintiff within the prohibition of Rule 55.27(a)(10)." It was proper for Judge Blaeuer to consider the evidence offered by the Attorney General in making this ruling, for in determining whether the Petition is frivolous, the court is not limited to the claims made in the Plaintiff's Petition. Rather, the court may look outside the pleadings, and "may rely on its records and files to determine whether a claim is frivolous." *Muza v. Department of Social Services,* 769 S.W.2d 168, 175 (Mo.App.1989). The record

showed that Mr. Cooper had another similar or identical action pending in federal court, and further that in 1994 a nearly identical state lawsuit filed by Mr. Cooper had been dismissed under Rule 55.27(a)(10) pending the conclusion of the federal action. As a result, "as pleaded, the plaintiff could prove no set of facts entitling him to relief" at this time. *Coats*, 689 S.W.2d at 806; *see Muza*, 769 S.W.2d at 175.

■ Mr. Cooper tries to avoid the above rules by noting that, while Judge Blaeuer found the suit to be properly dismissed under Rule 55.27(a)(10), he also rejected what he styled the state's request "under Section 217.262" that plaintiff's action be dismissed as frivolous and malicious. Therefore, Mr. Cooper argues, since the judge below found his suit was not frivolous, he had no basis on which to refuse to permit him to proceed *in forma pauperis*, and thus should not have dismissed the suit prior to service of process.

Had the court below found that Mr. Cooper was a poor person and that his claim was not frivolous or malicious, and had the record supported such a finding, then under *Coats* it would have been error to dismiss the claim without first permitting Mr. Cooper to serve process on the defendants, for as *Coats* noted:

> If a plaintiff's petition is neither frivolous to that degree nor malicious, the trial court regularly should permit the case to proceed and be subjected to the usual tests of sufficiency (by motion to dismiss, for example), with the usual chances for the plaintiff to correct any defect in his petition.

689 S.W.2d at 806.

We do not agree with Mr. Cooper that by his ruling the judge below was finding that Mr. Cooper was entitled to proceed *in forma pauperis*, however. First, we note that the judge dismissed the suit before he even reached the issue of Mr. Cooper's purported poverty. At least an implicit ruling on this issue was required in order to permit filing *in forma pauperis*. Second, we note that the judge below did *not* find that Mr. Cooper's claim was not frivolous. Rather, he found that it was not frivolous *and* malicious, and he did so under Section 217.262, which deals with penalizing a prisoner for filing frivolous or malicious lawsuits, not under the *in forma pauperis* statute.[2] We thus do not think that Mr. Cooper is entitled to rely on that finding in order to argue that his petition was not frivolous for purposes of the *in forma pauperis* statute and that he is entitled to service of process.

■ Even if Judge Blaeuer had by his ruling intended to hold that Mr. Cooper's lawsuit was not frivolous for purposes of the *in forma pauperis* statute, however, we would be required to reverse that holding, for we find that, in the circumstances shown by the record in this case, the suit is frivolous as a matter of law. We so rule based on the facts, shown by the record below and by the records of this Court,[3] that Judge Blaeuer found the action to be barred by Rule 55.27(a)(10), and that in 1994 he had found a nearly identical action to be barred by that same rule. Judge Blaeuer's 1994 ruling became final and *res judicata* once Mr. Cooper failed to perfect his appeal from it, and Mr. Cooper was barred from filing such a suit until the federal action was determined.[4]

Because Mr. Cooper could not sue in state court until the federal suit was concluded, and because he was well aware that the federal suit was not concluded, we find that his suit should have been dismissed as frivolous because it is "lacking arguable basis in law or fact." *Muza*, 769 S.W.2d at 175. As a

---

**2.** We note, however, that Section 217.262 does not in fact require a finding that the suit be frivolous *and* malicious, but only that it be frivolous *or* malicious. To the extent that the trial court held otherwise, it was in error.

**3.** We are entitled to consider our records and that of the court below, as well as the papers filed below by the parties, in determining whether Mr. Cooper should be permitted to proceed *in forma pauperis. See Muza*, 769 S.W.2d at 175; *In re Jacobs*, 794 S.W.2d 199, 202 (Mo. banc

1990); *Wright–El v. State*, 890 S.W.2d 664, 672 (Mo.App.1994) (court entitled to take judicial notice of its own records).

**4.** The only matter which we hold is *res judicata* based on the dismissal of the appeal of the prior state court action is the right of Mr. Cooper to file suit pending the determination of the federal action, for that is the only issue determined in the prior state court action.

result, "as pleaded, the plaintiff could prove no set of facts entitling him to relief" at this time, *Coats,* 689 S.W.2d at 806, and it therefore was proper to dismiss the suit prior to service of process. Had we read the court's order below to find that Mr. Cooper's suit was not frivolous for purposes of determining whether it could be filed *in forma pauperis,* that decision below would have been error.

## III. DISMISSAL WITH OR WITHOUT PREJUDICE

Mr. Cooper also argues on appeal that the trial court erred in dismissing his suit with rather than without prejudice. He argues that, if the suit was to be dismissed, it should have been without prejudice, in that Rule 55.27(a)(10) only precludes him from filing his suit in state court while the federal suit is pending.

■ Mr. Cooper is correct that "[p]endency of a prior action is not ground for dismissal with prejudice, but ground only to stay or abate the later action." *In re Marriage of Gormley,* 813 S.W.2d 108, 112 (Mo. App.1991) (quoting *Hubbard v. Mercantile Bank of Kansas City,* 773 S.W.2d 517, 519 (Mo.App.1989)). It is clear, however, that the trial court did not intend to dismiss the entire action "with prejudice" as that phrase is usually used. What the court ruled was that the suit would be dismissed *"with prejudice to its re-filing during the pendency of the federal court action."* (Emphasis added). From the context, we think it clear that the court was simply emphasizing for Mr. Cooper that he is not entitled to keep filing these actions while the federal action is proceeding. Having lost the issue whether Rule 55.27(a)(10) applies, he must wait to sue until the federal action is terminated. He may then file suit unless precluded from doing so on another ground. The court did not rule that Mr. Cooper could never file his suit, and such a ruling would have been error.

■ Another portion of the order below does seem to rule that Mr. Cooper's claims against persons who have been dismissed with prejudice or granted summary judgment in the federal action *are* dismissed with prejudice, however, for it states that the suit is dismissed:

with prejudice as to all persons granted summary judgment or dismissed with prejudice from the federal action.

This appears to be a ruling on the merits that Mr. Cooper's claims against these defendants are barred by the doctrine of *res judicata* because he has already litigated and lost his claims against them. Mr. Cooper argues that the trial judge had no jurisdiction to reach that issue, because *res judicata* is an affirmative defense which normally must be pleaded in the answer in order to be preserved. As Mr. Cooper notes, the defendants below have not yet been served, much less have they filed an answer, and his suit should be dismissed only without prejudice under Rule 55.27(a)(10).

While these points are true, they fail to take note of the fact that the issues before the court below were more than just whether to grant a motion to dismiss based on a claim of *res judicata,* and whether Rule 55.27(a)(10) required dismissal during the pendency of the federal suit. The court also had to determine whether Mr. Cooper's claim was so frivolous that he should not permit Mr. Cooper to proceed *in forma pauperis.* As noted *supra,* in making this determination the court was entitled to consider matters outside the pleadings, including the records of the federal court filed by the parties, and its own records of the prior dismissal of this action, and those records showed that the same defendants had been dismissed with prejudice or received summary judgment in another suit involving the same issues and that such claims would be *res judicata* in the instant suit. Moreover, Mr. Cooper's claims on their face are barred by the statute of limitations governing claims against the Department of Corrections or its employees. *See § 516.145, RSMo 1994.*

The purpose of undertaking the inquiry into whether the plaintiff's suit is frivolous is to determine whether there is any basis in law or fact for permitting the claim to proceed. Where, as here, it is evident there is no merit to the claim and that plaintiff could prove no set of facts entitling him to relief, and particularly where, as here, it is evident that the state is aware of the grounds on

which it would be entitled to dismissal of the action if it is permitted to be filed, it would defeat the purpose of the *Coats* inquiry to require the trial court to order summons to be issued.[5] We think the trial court instead properly held that Mr. Cooper's claims against all persons dismissed in the federal action or as to whom summary judgment was rendered should be dismissed with prejudice.

Accordingly, we affirm the judgment of the trial court that Mr. Cooper is barred from proceeding with this action during the pendency of the federal action and that he may not refile this suit during the pendency of that action and that his claims against those dismissed from or granted summary judgment in the federal action are dismissed with prejudice.

All concur.

---

5. While Mr. Cooper generally alleges violation of his constitutional rights to due process and access to the courts, his arguments are not developed and are premised on the finding that his suit is not frivolous. He does not argue that it would violate his constitutional rights to dismiss a frivolously filed Petition, and he cites no authority which would support such a ruling.