- ECONOMY DENTURES $195
- ONE DAY DENTURE SERVICE
- REPAIRS WHILE YOU WAIT
- COSMETIC BONDING
- 15 YEARS EXPERIENCE

**HOUSTON C. KER, D.D.S.**

FAMILY DENTISTRY. WE DO ALL PHASES OF DENTISTRY. PRACTICAL SOLUTIONS FOR YOUR GUM PROBLEMS. *COME SEE US!*

OPEN ONE EVENING PER WEEK     APPOINTMENT ONLY

2733 W. KEARNEY     862-2468

STATE of Missouri, ex rel., SOLID STATE CIRCUITS, INC., Relator–Respondent,

v.

SPRINGFIELD MAYOR'S COMMISSION ON HUMAN RIGHTS AND COMMUNITY RELATIONS, et al., Respondents–Appellants.

No. 15220.

Missouri Court of Appeals, Southern District,

Division One.

June 6, 1988.

Rick E. Temple, Ellis, King, Ellis and Black, Springfield, for relator-respondent.

Karen Marty, Asst. City Atty., Springfield, for respondents-appellants.

GREENE, Presiding Judge.

This is an attempted appeal by respondent Springfield Mayor's Commission on Human Rights and Community Relations, et al., (Commission) from a trial court order directing the Commission to refrain from holding a hearing on a discrimination complaint "until further order of this Court." We dismiss the appeal as premature.

Facts relevant to the disposition of this matter are as follows. Relator Solid State Circuits, Inc., (Solid State) filed a petition in the trial court requesting that a writ of prohibition be issued to prohibit the Commission and its individual members from exercising jurisdiction over a sex discrimination complaint filed with the Commission by Gladys L. Genung, an ex-employee of Solid State. The complaint alleged that Ms. Genung had been discriminated against by Solid State when the company gave shift preference to an employee with less seniority, and that when she protested, Ms. Genung was fired. Solid State's petition alleged the Commission was without jurisdiction to entertain the complaint because (1) the Commission was claiming the right to perform judicial functions, without legal authority to do so, (2) the ordinances purporting to give the Commission authority to investigate and resolve discrimination complaints were unconstitutionally defective and vague, and (3) the Springfield City Home Rule Charter prohibited the delegation of the adjudication of private rights to the Commission. The petition further alleged that Solid State had filed a motion to stay proceedings with the Commission, but that the motion had been denied. The prayer of the petition requested, among other things, that a preliminary order in prohibition issue, directing the Commission not to take any further action on the complaint until further order of the court. The motion to stay proceedings, a copy of which was attached to the petition for the writ, alleged that there was pending in this court an appeal from the trial court's decision in Greene County Circuit Court Case No. CV185–1799–CC–3, styled Yellow Freight System, Inc., plaintiff, versus Mayor's Commission on Human Rights and Community Relations for the City of Springfield, et al., defendants, in which the legal issues were the same as those raised by Solid State in its petition, and that this court's disposition of the appeal in the Yellow Freight case would also resolve the issues in the Solid State case.

The trial court, after considering the pleadings and hearing arguments from counsel for the Commission and Solid State, made the following docket entry: "Ct. finds the Writ should be issued to Stay proceeding because the Ct. finds Resp. does not have jurisdiction as stated in the case now on appeal from Greene County Circuit Court Case # CV185–1799–CC3 *Yellow Freight System, Inc. v. Mayor Comm. on Human Rights,* and the hearing should stay until the Southern Dist. Ct. of Appeals decide the issue. Preliminary & Final Or-

der in Prohibition entered & filed." The order directed to the Commission and titled "Preliminary and Final Order in Prohibition" reads as follows: "You are ordered to refrain from holding a hearing on Complaint No. 85–77, which was filed by Gladys L. Genung on December 2, 1985, until further order of this Court."

It is clear from examination of the docket entry and the order that the trial court did not intend to, and did not, dispose of the issues involved on the merits, but merely ordered that the status quo be maintained until identical issues were resolved by this court in the Yellow Freight case, which decision would then control the disposition of the matters raised in the Solid State case.[1]

 It is our duty to inquire and determine sua sponte whether a final appealable judgment was rendered by the trial court, *Markham v. Medlin*, 698 S.W.2d 54, 55 (Mo.App.1985), as the requirement that an appeal be from a final judgment is jurisdictional and cannot be waived. § 512.020, RSMo 1978; *Petersen v. Farberman*, 698 S.W.2d 554, 556 (Mo.App.1985). A final and appealable judgment is one that disposes of all parties and all issues in a case and leaves nothing for further determination, absent a trial court order designating the particular judgment as final for purposes of appeal, which is not the case here. *Kozeny–Wagner, Inc. v. Shark*, 709 S.W.2d 149, 151 (Mo.App.1986).

 The trial court's order in question is in the nature of a temporary restraining order, since all it did was postpone any further action in the case until after a resolution of the appeal in the Yellow Freight Case. Temporary restraining orders merely seek to maintain the status quo between the parties until such time as the ultimate issues in the case are decided, and are not final judgments on the merits. *Pomirko v. Sayad*, 693 S.W.2d 323, 324 (Mo.App.1985). While it is true that the trial court designated its order as preliminary and final, the trial court's designation as final is not binding on us, and does not make the order appealable. *Smith v. A.H. Robins Co.*, 702 S.W.2d 143, 147 (Mo.App. 1985). Since further judicial proceedings are necessary in this case in order to dispose of all issues, the attempted appeal is premature.

The appeal is dismissed, and the cause remanded for further proceedings precedent to the issuance of a final judgment.

FLANIGAN and HOLSTEIN, JJ., concur.

CROW, C.J., recused.

---

1. This court did not reach the merits in the appeal of the Yellow Freight case, due to a procedural defect of failure to join the city of Springfield as a party to the underlying action. *See Yellow Freight System v. Mayor's Com'n*, 737 S.W.2d 250 (Mo.App.1987).