Monte GURWIT and Martha Gurwit, et al., Plaintiffs–Respondents,

v.

Jacob KANNATZER, et al., Defendants,

Eugene H. Gruender and Dorothy H. Gruender, et al., Defendants–Appellants.

No. WD 40242.

Missouri Court of Appeals,
Western District.

Oct. 4, 1988.

Elton W. Fay, Columbia, for defendants-appellants.

Robert C. Smith and Gena J. Trueblood, Columbia, for plaintiffs-respondents.

Before CLARK, P.J., and LOWENSTEIN and FENNER, JJ.

CLARK, Judge.

This is a quiet title action brought by respondents Monte and Martha Gurwit to establish their ownership in four tracts of land in Section 4, Township 50, Range 13, Boone County, Missouri. Appellants Eugene H., Dorothy H., John R., and Karen Gruender were among the defendants named in the suit. The dispositive issue, requiring dismissal of the appeal, is the finality of the judgment from which the appeal is taken.

The Gurwit suit claimed ownership of tracts A and B, as there described, by adverse possession pursuant to Section 527.180, RSMo 1986.[1] It also asked that title to tracts C and D be quieted in plaintiffs on the basis of record title and the bar of the ten year statute of limitations, Section 516.010. As the cause developed, no contest emerged as to the Gurwits' ownership of tracts B, C and D, and they are irrelevant to the subsequent discussion.

The Gruenders filed a pleading, upon which the issues in the case were ultimately submitted, entitled, "First Amended Answer and Cross Petition to ... Quiet Title." The components of the pleading were not separated or captioned, but the substance of the allegations indicates the defendants were denying plaintiffs' claims as to tract A and were seeking affirmative relief in quiet title themselves. Eugene and Dorothy Gruender asserted that they, and not the Gurwits, should be adjudged the owners of tract A by adverse possession. The pleading also asked that title to a fifth tract, which for convenience we will refer to as tract E, be quieted in John and Karen Gruender.

There is no indication in the record on appeal that respondents Gurwit ever had made any claim to ownership of tract E and it was not included in the legal descriptions set out in the plaintiffs' petition. All of tract A, the focus of dispute between plaintiffs and defendants Eugene and Dorothy Gruender, lies west of the Oak Grove School Road and all of tract E, claimed by John and Karen Gruender lies east of that road. Tracts A and E therefore are not contiguous.

The trial court received the evidence in the case and entered judgment quieting title to tracts A, B, C and D in the Gurwits. The opposing claim to tract A by defendants Eugene and Dorothy Gruender was denied. The judgment makes no mention of the prayer by John and Karen Gruender that title to tract E be quieted in them. Appellants, although the moving parties on appeal, assert the subject judgment is not a final judgment and hence not appealable under Section 512.020.

■ In the resolution of the point, it is first necessary to identify the nature of the John Gruenders' claim. If it was, as labeled, a cross-claim, it was improperly joined with the original suit because tract E was not property with which the quiet title suit of the Gurwits was concerned. A cross-claim may be filed in the action only if it arose out of or was related to the property that is the subject matter of the original action. Rule 55.32(f). This case is not a vehicle available to settle a title dispute among the defendants to property other than the lands to which the plaintiffs have made claim by their pleading.

A counterclaim, in contrast to a cross-claim, is not subject to the limitations on subject matter and may include any claim against an opposing party even though it may not arise out of the subject matter of the opposing party's claim. Rule 55.32(b). If the claim by the John Gruenders is a counterclaim, it is not subject to dismissal on the ground that tract E was not mentioned in the plaintiffs' petition.

A cross-claim differs from a counterclaim in that a cross-claim is one asserted against a co-party, that is, a party aligned on the same side in the original suit as the cross-claimant. A counterclaim is a claim against an opposing party, that is, a counter demand existing in favor of a defendant against a plaintiff. *See Campbell v. Preston*, 379 S.W.2d 557, 559 (Mo.1964); *State ex rel. Saupe v. Swink*, 475 S.W.2d 466, 467–68 (Mo.App.1971); Czyzak, *Counterclaims, Cross–Claims and Third–Party Petitions*, 1950 Wash.U.L.Q. 201, 214–15.

The record on appeal in this case is not adequate to permit ascertainment of whether the claim by the John Gruenders is a counterclaim or a cross-claim. The "First Amended Answer and Cross Petition to ... Quiet Title" so intermingles without any distinction the allegations constituting an answer, the allegations for affirmative relief sought by the Eugene Gruenders and the allegations under which the John

---

**1.** All sectional references are to Revised Statutes    of Missouri, 1986.

Gruenders assert title to tract E, that it cannot be seen whether the cause to quiet title to the latter tract states any cause of action against the plaintiffs. Certainly there is no allegation that plaintiffs have asserted any right to or title or interest in tract E and, although plaintiffs' reply to the "cross-claim" denied ownership of tract E in the John Gruenders, plaintiffs freely admitted at trial that they made no claim to the property.

A court of appeals has no jurisdiction to hear an appeal unless the appeal is taken from a final judgment, that is, an adjudication which disposes of all parties and all issues and leaves nothing for further determination. *Davis v. Poetz*, 712 S.W.2d 68, 70 (Mo.App.1986). There can be no question in this case that the claim by the John Gruenders was not adjudicated and, hence, the judgment appealed lacks finality.

Respondents offer suggestions to settle the problem proposing first that the John Gruenders may have abandoned their claim when John Gruender did not appear at trial and Karen Gruender did not testify. Alternatively, they say they have no objection to the quieting of title to tract E in the John Gruenders and propose this court enter judgment to that effect.

If the judgment did not dispose of the John Gruenders' claim, as is apparent, this court lacks jurisdiction over the appeal and may not invest itself with jurisdiction by deciding the issues in the case necessary to complete a final judgment. Regardless of how easily the remaining adjudication may be concluded or how simple the issue, this court has no power to usurp the functions of the trial court.

It is therefore necessary to dismiss the appeal and remand the case to the trial court for adjudication of the John Gruenders' claim.[2] In the disposition of that claim, the court should first consider whether the claim is a counterclaim and therefore properly before the court, or a cross-claim and subject to dismissal. If the former, then the court should take appropriate action on the claim as provided in Rule 74.01(b).

The appeal is dismissed. Costs are taxed to appellants.

All concur.

---

**2.** The judgment partially disposing of the case was entered December 31, 1987. On January 22, 1988, the Gruenders filed a motion to amend the judgment noting, among other matters, that the John Gruender claim had not been ruled. The court denied the motion on the ground that it had not been filed within 15 days and the judgment had become final. By definition, however, the unruled claim of John Gruender prevented the judgment from becoming final and the court therefore had jurisdiction to act on the motion.