**William COOPER, Appellant,**

v.

**Jim JONES, et al., Respondents.**

**No. WD 40404.**

Missouri Court of Appeals, Western District.

Jan. 17, 1989.

William Cooper, Moberly, pro se.

William L. Webster, Atty. Gen., Kevin M.J. Crane, Asst. Atty. Gen., Jefferson City, for respondents.

Before FENNER, P.J., and MANFORD and GAITAN, JJ.

PER CURIAM.

William Cooper appeals the denial of a motion to proceed in forma pauperis in a civil action.

The appeal is dismissed.

Cooper, an inmate at the Missouri Training Center for Men in Moberly, requested leave to sue as a poor person. In his petition, Cooper sought injunctive relief and monetary damages against prison officials in Randolph County who allegedly prohibited him from transporting legal materials to a court proceeding in Jackson County. Upon receipt of the motion to proceed in forma pauperis, the trial court directed Cooper to file an affidavit of indigency and gave Cooper the opportunity to obtain a waiver of venue from the respondents. Requesting an immediate ruling, Cooper filed the affidavit, but notified the court that he would not seek a waiver of venue, believing it unnecessary. The trial court subsequently entered the following order:

> Court, having reviewed Petitioner's Petition, finds that the same does not appear to this Court as having merit and further finds that if Petitioner was denied access to certain of his legal papers for an appearance in another Court before another Judge, that would be a proper matter before that Court, and is not properly cognizable in this Court; and Petitioner's request to proceed in forma pauperis is therefore denied. Clerk to notify. [1–2, 11]

Presuming dismissal of his petition, Cooper argues on appeal (1) that his petition states a meritorious, not a frivolous or malicious, claim for relief and (2) that venue in Randolph County is proper. However, the denial of Cooper's motion to proceed in forma pauperis constitutes neither a dismissal nor a final, appealable judgment. Even had his petition been dismissed for improper venue, such a dismissal is not a final judgment on the merits. *See Williams v. Williams Paper Company*, 750 S.W.2d 721, 722 (Mo.App.1988).

■ We initially note that the trial court failed to accurately follow the dictates of *State ex rel. Coats v. Lewis*, 689 S.W.2d 800, 806 (Mo.App.1985), which sets forth the appropriate procedure for handling in forma pauperis motions. When a plaintiff seeks to sue as a poor person, the court should provisionally file the suit papers subject to summary dismissal if the court determines the plaintiff not to be indigent and subject to later dismissal if the court finds the petition to be patently and irreparably frivolous or malicious. *Id.* In the present case, the trial court merely denied Cooper leave to proceed in forma pauperis without dismissing his petition. The trial court never provisionally filed Cooper's petition, evidenced by its refusal to certify the petition for appeal. Without certification or written agreement of the parties, that petition is not properly before us. Rule 81.14(e). The basis of the trial court's denial of in forma pauperis status is unclear. Although not stated in its order, the trial court apparently determined Cooper to be indigent. The trial court found Cooper's petition lacking "merit", but further noted that Cooper's alleged denial of access to legal materials might be appropriately litigated in another venue.

■ We have a duty to determine sua sponte whether appellate jurisdiction exists. *State ex rel. Solid State Circuits, Inc. v. Springfield Mayor's Commission on Human Rights and Community Relations*, 752 S.W.2d 72, 74 (Mo.App.1988). The requirement that an appeal be from a final judgment is jurisdictional and cannot be waived. *Id.* Absent specific authority, no appeal lies from a ruling on a motion which does not constitute a final disposition of a cause of action. *Southgate Bank & Trust Company v. Axtell*, 710 S.W.2d 247, 251 (Mo.App.1986). A final, appealable judgment is an adjudication disposing of all parties and all issues and leaving nothing for further determination. *Gurwit v. Kannatzer*, 758 S.W.2d 486, 488 (Mo.App.1988). Regardless of how easily the remaining adjudication may be concluded or how simply an issue may be resolved, we have no power to usurp the functions of the trial court. *Id.*

The trial court's denial of Cooper's motion to proceed in forma pauperis is not a final, appealable judgment. Neither party cites any authority allowing appellate review under the existing circumstances. Denial of leave to sue as a poor person, in absence of a dismissal of the petition, does not finally dispose of the underlying cause of action. Theoretically, the plaintiff could continue the litigation by payment of the filing fee. The appeal must be dismissed because the finality requirement is lacking.

We accordingly dismiss the appeal and remand the cause for proceedings consistent with this opinion.