Donald R. JOHNSON,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16043.

Missouri Court of Appeals,
Southern District,
Division One.

June 30, 1989.

Melinda K. Pendergraph, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

Movant pled guilty to the felony of selling cocaine, § 195.020,[1] and was sentenced to ten years in the Department of Corrections, § 195.200.1(4), on April 14, 1988. On July 18, 1988, movant filed a pro se motion for post-conviction relief under Rule 24.035. The same attorney who represented movant at his guilty plea was appointed to represent him. On July 29, 1988, that attorney withdrew and on August 8, 1988, another attorney employed by the public defender's office filed her entry of appearance on behalf of movant. On September 7, 1988, counsel was granted thirty additional days to prepare an amended post-conviction motion. None was filed and on October 17 the court filed findings of fact and conclusions of law which recited that "on October 4, 1988, [movant's counsel] advised this Court that after review of the transcript and plea and sentencing proceedings, no amended motion would be filed." The court further found that the only complaint contained in the motion was that movant's presentence investigation was biased because it implied that if a lesser sentence had been imposed in a similar case against movant in another county, or if the present case was the only one pending against movant, he would have received a lesser sentence.[2] The court found the mo-

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986 and Supp.1987, and references to rules are to Missouri Rules of Court (20th ed. 1989).

2. Paragraphs 8 and 9 of the pro se post-conviction motion read as follows:

P.S.I. from Scott County vertually [sic] implies that if thay [sic] were to have had the single case or if Butler County would have imposed lesser sentence [sic] that they, meaning Scott County would have imposed lesser sentence [sic].

tion failed to state facts which would justify an evidentiary hearing. The motion was dismissed.

On appeal movant raises two points. Neither point claims the allegations contained in the post-conviction motion were sufficient to justify an evidentiary hearing. The first claim is that the post-conviction motion was dismissed without notice by the court of its intent to do so without an evidentiary hearing. The second point is that movant's counsel failed to ascertain whether all grounds known to movant were included in his pro se motion in violation of Rule 24.035(e).

■ Movant's first point argues that the denial of his Rule 24.035 motion without evidentiary hearing, and without the court giving notice of its intent to do so, was a denial of his due process rights. In support of that contention, he relies on *Wheatley v. State*, 559 S.W.2d 526 (Mo. banc 1977), *Mills v. State*, 723 S.W.2d 71 (Mo.App.1986), *Riley v. State*, 680 S.W.2d 956 (Mo.App.1984), and *Remington v. State*, 654 S.W.2d 280 (Mo.App.1983). The precise question presented here was answered in *Chatman v. State*, 766 S.W.2d 724 (Mo.App.1989). There the court noted that *Wheatley* and its progeny were decided under former Rule 27.26 and prior to adoption of Rule 24.035. The court stated:

> One of the primary reasons for the adoption of the new rules is to provide an orderly and efficient procedure for handling postconviction relief motions which is consistent with due process. The new rules establish detailed procedures and impose time constraints.
>
> *Rule 24.035(g) serves as notice to a movant that the court is going to rule on his motion for an evidentiary hearing within 15 days after a verified amended motion is required to be filed.* This rule embodies the due process protections formerly provided Rule 27.26 movants by caselaw in decisions such as *Wheatley* .... (Emphasis in original).

*Id.* at 726. The time limitations contained in Rule 24.035 are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo.banc

Due to an unbious [sic] P.S.I.

1989). Movant's first point is without merit.

■ Movant's second point asserts that his post-conviction counsel failed to comply with Rule 24.035(e) by failing to ascertain from movant whether all grounds known to movant were asserted in his pro se motion. Movant candidly admits that the inadequacy of counsel representing a defendant in a post-conviction proceeding cannot be challenged on appeal from a denial of the motion. However, he earnestly contends that an attorney's failure to comply with the requirements of Rule 24.035(e) may be raised on an appeal from a denial of relief under that rule. In support of this claim, movant cites *Jones v. State*, 702 S.W.2d 557 (Mo.App.1985), *McAlester v. State*, 658 S.W.2d 90 (Mo.App.1983), and *Pool v. State*, 634 S.W.2d 564 (Mo.App.1982).

The cases relied on by movant construed former Rule 27.26(h). Substantially the same language of former Rule 27.26(h) is found in Rule 24.035(e). Therefore, the cases interpreting the former rule are authoritative when construing the new rule. The essential holding of the cases relied on by movant is that before a court dismisses a pro se post-conviction motion without evidentiary hearing, it should appear that counsel has communicated with the movant to ascertain if all grounds known to movant are alleged in the motion, and, if not, counsel is required to amend the motion to clearly and precisely express all movant's claims. *Jones v. State, supra,* at 559; *McAlester v. State, supra,* at 92; *Pool v. State, supra,* at 566. The prudent course for a trial court to follow before dismissing a pro se Rule 24.035 motion without an evidentiary hearing is to determine that appointed counsel has conferred with the prisoner to ascertain that all grounds for attacking the conviction known to the prisoner are contained in the pro se motion. *Patrick v. State*, 698 S.W.2d 18, 22 (Mo.App.1985). By doing so, the trial court would avoid any question as to whether counsel had communicated with his client as required by the rule.

However, the deficiency in the record is not dispositive in this case. When a claim is made in an appeal from a post-conviction proceeding that appointed counsel failed to ascertain all grounds for relief known to the prisoner, the appellant's brief must assert the additional grounds of which the movant was aware or which counsel would have ascertained. *Grove v. State*, 772 S.W.2d 390, 393 (S.D.Mo.App.1989); *Guyton v. State*, 752 S.W.2d 390, 393 (Mo.App. 1988); *Eggers v. State*, 734 S.W.2d 300, 303 (Mo.App.1987). Movant's brief fails to disclose any additional ground for relief not alleged in the pro se post-conviction motion. The second point is denied.

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.