**Mark Anthony TRICE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 42216.**

Missouri Court of Appeals, Western District.

July 10, 1990.

Peggy Hardge–Harris, St. Louis, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

Movant, Mark Anthony Trice, appeals the denial of his Rule 29.15 motion following an evidentiary hearing. The movant alleges that his claim of ineffective assistance of counsel entitled him to relief.

After trial by jury in December of 1986, the movant was found guilty of two counts of involuntary manslaughter, in violation of Mo.Rev.Stat. § 565.024.1(2)(1986), and one count of assault in the second degree, in violation of Mo.Rev.Stat. § 565.060.1(4) (1986). On January 15, 1987, movant was sentenced to consecutive terms of seven years for each count of involuntary manslaughter, and a sentence of six years imprisonment for assault in the second degree. This Court affirmed the movant's convictions and sentences on direct appeal. *State v. Trice*, 747 S.W.2d 243 (Mo.App. 1988).

On November 11, 1985, movant drove a school bus for Parkway North High School in St. Louis County. While operating a school bus filled with student passengers, in an intoxicated condition, movant lost control of the vehicle and collided with a highway sign pole. The bus broke into three pieces. Two students died as a result of the accident and one student suffered serious injuries.

The movant's post-conviction motion pursuant to Rule 29.15 was received by the Clerk of the Boone County Circuit Court on June 30, 1988. The motion was accompanied by a request to proceed *in forma pauperis*, which was sustained by the trial court on July 1, 1988; the 29.15 motion was stamped filed on the same day. The motion court held an evidentiary hearing on January 28, 1989, and entered its order denying movant's motion on June 27, 1989.

Movant's appeal requires this Court to determine the timeliness of movant's motion. Rule 29.15(m) provides that a movant, sentenced prior to January 1, 1988, who has not sought relief under Rule 27.26, must file a Rule 29.15 motion on or before June 30, 1988. The time limitations in 29.-15 are valid, reasonable and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). Failure to timely file the motion constitutes a complete waiver to proceed under the rule. Rule 29.15(b).

The state contends that whereas movant's motion was not accompanied with

a filing fee, but rather with an *in forma pauperis* affidavit, that the motion could not be filed with the motion court until the request to proceed *in forma pauperis* was granted. Since the order was not entered until July 1, the state argues that the 29.15 motion was not timely filed and that therefore the motion court erred in considering the merits of the motion. We disagree.

Rule 29.15 provides a procedure for challenging a conviction after trial. *Day v. State*, 770 S.W.2d at 693. The rule is not a substitute for direct appeal and does not serve as a second appeal. *Daniels v. State*, 751 S.W.2d 399, 401 (Mo.App.1988). Rather the purpose of Rule 29.15 is to provide a separate action to review alleged violations of constitutional requirements or fundamental due process. The post-conviction action is an independent civil proceeding, not a criminal case, governed by the rules of civil procedure whenever applicable. *Johns v. State*, 741 S.W.2d 771, 778 (Mo.App.1987); Rule 29.15(a).

The state contends that a post-conviction motion under Rule 29.15 resembles the filing of a notice of appeal. We find such an analogy erroneous. Mo.Rev.Stat. § 512.050 (1986) and Rule 81.04(c) require that a docket fee must be paid at the time that the notice of appeal is filed. Rule 29.15 makes no such requirement. As a civil action, the collection of a docket fee in a post-conviction case is governed by Mo. Rev.Stat. § 483.530 (1986). Our state Supreme Court held in *State ex rel. JCA Architects v. Schmidt*, 751 S.W.2d 756, 757 (Mo. banc 1988), that while a fee is required under the statute, payment is not required at any particular time. Therefore, payment is not a jurisdictional requirement. Should the filing fee not be paid or waived, the court may impose sanctions or dismiss the action. *Id.* However, the petition is deemed filed without payment of the filing fee.

Further, we recognize that Mo.Rev.Stat. § 514.040 (1986) establishes a statutory scheme, wherein a trial court, in its discretion, may permit a plaintiff to prosecute his action as a poor person. In *State ex rel. Coats v. Lewis*, 689 S.W.2d 800, 806 (Mo.

App.1985), this Court set forth the appropriate procedure for handling *in forma pauperis* motions. As we noted in *Coats*, a suit cannot be pending before a court until it has been filed. *Id.;* § 514.040. Therefore, we held that the court should allow the alleged indigent plaintiff to file his petition along with his motion to proceed as a poor person. The motion is provisionally filed subject to summary dismissal if the court determines the plaintiff not to be indigent and the petition may be subject to later dismissal if found to be patently and irreparably frivolous or malicious. *Id.; see also Cooper v. Jones*, 763 S.W.2d 386, 387 (Mo.App.1989); *Nitcher v. Brown*, 775 S.W.2d 330, 334 (Mo.App.1989). Thus under the dictates of *Coats*, the movant's 29.15 motion should have been considered filed when it was received in the office of the circuit clerk. We find that the movant's 29.15 motion was timely filed on June 30, 1988, and that the motion court had jurisdiction to consider the merits of the motion.

Turning to the movant's appeal, this Court's review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Day v. State*, 770 S.W.2d at 695. The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

To prevail on a claim of ineffective assistance of counsel, a Rule 29.15 movant must show that his attorney's performance fell below the standard of care and skill of a reasonably competent attorney rendering similar services under the existing circumstances, and that the movant was prejudiced by such deficient performance. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984); *Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979). In reviewing such claims the determination need not focus on whether the trial counsel's performance was deficient prior to examining the prejudice prong. *Strickland v.*

*Washington,* 466 U.S. at 689, 104 S.Ct. at 2065; *Guinan v. State,* 769 S.W.2d 427, 428 (Mo. banc 1989).

■ We note that movant has failed to file with this Court a transcript of the evidentiary hearing. It is the movant's responsibility to file the transcript and prepare a legal file so that the record on appeal contains all the evidence necessary for a determination of questions presented to the appellate court for review. Rule 81.12(a). The movant must present this Court with a record of the proceedings that includes all pertinent matters raised. *Chamberlain v. State,* 721 S.W.2d 139, 140 (Mo.App.1986); Rule 29.15(*l*). When no transcript is filed, nothing is preserved for review. *See A.W. Moore Roofing and General Construction, Inc. v. Sevier,* 700 S.W.2d 93, 95 (Mo.App.1985). However we will *ex gratia* review movant's claim.

■ In his only point on appeal, movant Trice contends that the motion court erred in its finding of fact and conclusions of law in stating that movant's trial counsel had filed all applicable motions to suppress. Movant argues that while trial counsel sought to suppress blood samples taken from movant after the accident for medical purposes and pursuant to a valid search warrant, trial counsel asserted incorrect grounds. Movant argues that trial counsel should have sought to suppress the blood samples on the ground that the state failed to show that the analysis of the samples was performed in compliance with Mo.Rev. Stat. § 577.037 (1986), and that failure to file a motion to suppress on this ground constituted ineffective assistance of counsel.

The focus of movant's claim is that at the time of his trial in 1986, although § 577.037.4 required that chemical analysis of blood be performed "in accordance with methods and standards approved by the state division of health," the Department of Health had not validly promulgated any rules regarding acceptable methods and standards of drawing or analyzing blood. While not citing to any case authority, movant's argument appears to rely on *State v. Peters,* 729 S.W.2d 243, 246 (Mo.App.1987),

rendered five months after movant's trial, in which our brethren in the southern district upheld a trial court's suppression of evidence of blood alcohol content under §§ 577.020, .026, the implied consent law. The Court in *Peters* based its decision on the failure of the Department of Health to promulgate regulations to determine blood alcohol content as required by §§ 577.-020–.041. Although the implied consent statute is not at issue in this case, the southern district held that the legislative enactments were a substitute for the common law foundation for the introduction of evidence of analysis for blood alcohol, and noncompliance of the statute rendered the blood analysis inadmissible and prejudicial. We recognize that since *Peters,* the Department of Health has promulgated regulations codified as 19 CSR 20–30.070.

It is clear that the legislative enactments of Mo.Rev.Stat. Chapter 577 created confusion as to the Department of Health regulations, and that guidance was not provided by the courts until well after movant's trial. We are hesitant to find that under the existing circumstances, movant's trial counsels' performance fell below the standard of care of reasonably competent attorneys. Without the transcript of the evidentiary hearing, we are not afforded the opportunity to know trial counsels' reasons for failing to properly object to the admission of blood samples on the aforementioned ground. However, even if, *arguendo,* this Court finds that movant has proven error, movant must also show that but for counsels' unprofessional error, the results of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064; *Brooks v. State,* 760 S.W.2d 532, 534 (Mo.App.1988). The burden of establishing a reasonable probability of a different result rests with movant to the degree of preponderance of the evidence. *Mills v. State,* 757 S.W.2d 630, 634 (Mo.App.1988); Rule 29.15(h). We find that movant has not met this burden.

Without the transcript of the evidentiary hearing, movant fails to provide evidence that substantial prejudice occurred as a result of the admission of blood samples.

676

Conjecture or speculation is not sufficient to establish the required prejudice. *Hogshooter v. State*, 681 S.W.2d 20, 21–22 (Mo. App.1984); *e.g., Johnson v. State*, 776 S.W.2d 456, 458 (Mo.App.1989). Movant also fails to demonstrate that the results of the trial would have been different. The original trial transcript as well as the direct appeal provides evidence sufficient to support movant's conviction. Testimony of motorists present on the highway with movant, near the time of the accident, as well as the testimony of student passengers on the bus, provide evidence of movant's erratic driving. Testimony of students present at the school prior to the accident, and students on the bus, revealed that movant Trice smelled of alcohol. Similar testimony was provided by the investigating police officer and an attending physician at the hospital where movant was treated immediately following the accident. A urine sample obtained from movant four hours after the accident revealed trace amounts of PCP; evidence which this Court held in *State v. Trice*, 747 S.W.2d at 248 to be relevant to the issue of intoxication and admissible.

Evidence other than that of the blood samples was sufficient to prove that movant was criminally negligent in operating the school bus while intoxicated, resulting in the death of two children. Therefore, we fail to find that trial counsels' alleged error deprived movant of the right to a fair trial, or that the motion court's findings and conclusions were clearly erroneous.

Judgment affirmed.

All concur.