STATE of Missouri, Respondent,

v.

Clyde C. POINDEXTER, Appellant.

No. WD50237.

Missouri Court of Appeals,
Western District.

Jan. 14, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1997.

Application to Transfer Denied
April 29, 1997.

---

**2.** Ordinance No. 70–363 has since replaced Ordinance No. 34.90 and is identical to it.

Elizabeth Unger Carlyle, Lee's Summit, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SMART, P.J., and SPINDEN and ELLIS, JJ.

SPINDEN, Judge.

In appealing the judgments of conviction against him for trafficking in the second degree and possession of a controlled sub-

stance, Clyde Poindexter contends that the circuit court erred in denying his motion to suppress illegal evidence and in denying his motion for judgment of acquittal on the trafficking charge. He also claims that the circuit court erred in dismissing his Rule 29.15 motion for post-conviction relief for failure to pay the filing fee and for failure to prosecute. We affirm in part and reverse and remand in part.

The evidence established that on January 10, 1994, around 8:30 P.M., Police Officer Michael Seward stopped a car driven by Poindexter at 39th and Prospect in Kansas City. The car had tinted windows, and Seward did not see a license plate on the car. As Seward walked toward Poindexter's car, he shined his flashlight on the back window and saw what he thought was a Kansas temporary license plate. Seward asked Poindexter for his driver's license, and Poindexter said that he did not have one.

Seward arrested Poindexter and searched him. Seward found marijuana in Poindexter's coat pocket. He also found $704 in small denominations of bills and two plastic bags containing several, small, empty bags. In searching Poindexter's car, Seward found aluminum foil with a white pasty substance and a paper bag containing 37.56 grams of cocaine base.

At trial, Detective Samuel Burroughs testified as an expert in drug trafficking. He said that drug users often used plastic bags such as those in Poindexter's coat to package drugs. He also said that persons selling drugs often carried more than $700 in cash.

Poindexter admitted at trial that the marijuana belonged to him, but he said that he did not know anything about the cocaine base and denied that it belonged to him. He acknowledged that he had a prior conviction for selling drugs. He said that he had $704 in cash because he had cashed his paycheck and that he bought the plastic bags for a boyfriend of his girlfriend's sister.

John Rice told the jury that the cocaine base belonged to his friend who was a drug dealer. He said that the friend left the cocaine base in Poindexter's car after Rice used it for five hours.

The jury found Poindexter guilty of trafficking in the second degree and possession of a controlled substance. The circuit court sentenced Poindexter to 15 years in prison on the trafficking count and ordered Poindexter to pay a $100 fine on the possession count. Poindexter appeals.

## Motion to Suppress

■ Poindexter complains in his first point that the circuit court erroneously denied his motion to suppress all the items seized by Seward as a result of the traffic stop.[1] Poindexter concedes that Seward's initial stop was valid because of Seward's belief that Poindexter's car did not have a license plate. Poindexter asserts, however, that his continued detention was illegal because, once Seward realized that Poindexter had a valid Kansas temporary license plate in his window, he lacked reasonable suspicion to justify continuing the stop. We disagree.

Section 301.130.7, RSMo 1994, requires that license plates be attached to a motor vehicle "in a manner so that all parts thereof shall be plainly visible[.]" Kansas City Ordinance § 34.278 requires that license plates or temporary plates be attached to a vehicle so that they are "entirely unobscured," "unobstructed," and "plainly visible."

Seward testified that the rear window on Poindexter's car was so heavily tinted that he could not see the temporary tag until he stood next to it and that he had to use his spotlight and flashlight to see it even then. Seward had reason to believe that the license plate was improperly displayed under state and local laws. Seward had a reasonable suspicion upon which to continue with his stop and to investigate further by asking Poindexter for his driver's license.

■ Once Seward found that Poindexter was driving without a driver's license, he had probable cause to arrest Poindexter. *State v. Franklin*, 841 S.W.2d 639, 641 (Mo. banc 1992). Hence, the search incident to Poin-

---

1. At trial, Poindexter did not object to the admission of the items seized from him except for the marijuana and cocaine; hence, he waived his claim with respect to the other evidence.

dexter's arrest and inventory search of Poindexter's vehicle were legal.

■ Poindexter asserts that Seward's further detention of him was pretextual because the law did not require that a temporary tag be visible from 500 feet and the state produced no evidence that the temporary tag was displayed improperly under Kansas law.[2] In determining whether an arrest is pretextual, we assess the officer's actions in terms of whether the officer was objectively authorized and legally permitted to do what he or she did. An officer's subjective intent or motive in making an arrest is irrelevant. *State v. Mease,* 842 S.W.2d 98, 105–06 (Mo. banc 1992), *cert. denied,* 508 U.S. 918, 113 S.Ct. 2363, 124 L.Ed.2d 269 (1993). In this case, a legally permissible and objective reason existed for Poindexter's continued detention, *i.e.* the temporary tag was not plainly visible as required by law; thus, no pretextual seizure or arrest occurred.

### Sufficiency of the Evidence

■ In his next point, Poindexter complains that the circuit court erred in overruling his motion for judgment of acquittal on the trafficking charge. He contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt because the state did not present reliable evidence that he knowingly possessed the cocaine base. We disagree.

■ A person commits the crime of trafficking in the second degree if he or she "possesses or has under his [or her] control, purchases or attempts to purchase, or brings into this state more than two grams of a mixture or substance ... which contains cocaine base." Section 195.223.3, RSMo 1994. To support a conviction for trafficking in the second degree, the state must prove beyond a reasonable doubt that the defendant had conscious and intentional, possession of the substance, either actual or constructive, and that the defendant was aware of the presence and nature of the substance. *State v. Purlee,*

839 S.W.2d 584, 587 (Mo. banc 1992); *State v. Groves,* 886 S.W.2d 675, 678 (Mo.App.1994).

■ To show constructive possession, the state must show at least that Poindexter had access to, and control over, the place where the substance was. *State v. Hernandez,* 880 S.W.2d 336, 338–39 (Mo.App.1994). "Where the state proves an accused had exclusive control of the premises or vehicle, the law infers that contraband therein is under his possession and control." *Id.* at 339.

Poindexter had exclusive control over the vehicle. He was the vehicle's owner and he was the only individual in the car when Seward stopped it. The jury had a reasonable basis for inferring that the cocaine base was under Poindexter's possession and control.

Poindexter asserts that he established that he did not have exclusive possession of the car through the "uncontradicted testimony" that someone else—Rice's friend—left the cocaine base in the car. The jury, however, was not required to believe this testimony. *State v. Mishler,* 908 S.W.2d 888, 893 (Mo.App.1995). Moreover, even if Poindexter did not have exclusive control over the car, the evidence was sufficient to show that he had constructive possession. The bag of cocaine base was in plain sight of anyone driving the car. Police also found marijuana in Poindexter's pockets along with plastic bags and a large amount of cash. These factors, taken together with Poindexter's ownership and sole occupancy of the car when Seward stopped it, provided the jury a reasonable basis for concluding that Poindexter was aware of the cocaine base's presence and its illegal nature. *See State v. Camden,* 837 S.W.2d 520 (Mo.App.1992).

### Rule 29.15 Motion

■ In his last point, Poindexter contends that the circuit court erred in dismissing his Rule 29.15 motion. The circuit court dismissed Poindexter's motion because he did not pay the filing fee or take any further action to prosecute his motion.

---

**2.** Seward testified that he believed that the law required that a tag be visible from 500 feet away and that Kansas law required the temporary tag to be affixed to the license plate holder.

On June 22, 1995, Poindexter filed his *pro se* motion for post-conviction relief in which he alleged that he was indigent and could not pay costs. Poindexter also submitted an affidavit to the court concerning his financial status. On August 23, 1995, the circuit court denied Poindexter's motion to proceed *in forma pauperis*. On December 15, 1995, the circuit court dismissed Poindexter's motion because the filing fee had not been paid.

Four days later, an attorney entered an appearance for Poindexter. She filed an amended motion for post-conviction relief on January 12, 1996, and filed a motion to set aside the earlier order dismissing Poindexter's motion. The circuit court overruled Poindexter's motion to set aside the dismissal and struck his amended motion on the ground that no deposit had been made for costs and that the time limits for filing the amended motion had expired.

Poindexter asserts that he established that he was indigent; therefore, he was not required to pay the filing fee. He also complains that the circuit court did not give him notice that his motion would be dismissed.

Poindexter's affidavit in support of his request to proceed *in forma pauperis* indicated that he was making $350 a month and that he spent $200 a month in child support. Poindexter listed no other expenses for which he was responsible.

Section 514.040, RSMo 1994, says, "If any court shall, before or after the commencement of any suit pending before it, be satisfied that the plaintiff is a poor person, and unable to prosecute his or her suit, and pay the costs and expenses thereof, such court may, in its discretion, permit him or her to commence and prosecute his or her action as a poor person[.]" Based upon the information supplied by Poindexter, we conclude that the circuit court did not abuse its discretion in denying Poindexter's request to proceed *in forma pauperis*.

Poindexter claims, however, that even if he was not indigent, the circuit court should not have dismissed his Rule 29.15 motion. He argues that his counsel's failure to pay the filing fee constituted abandonment and relies on *Luleff v. State,* 807 S.W.2d 495 (Mo. banc

1991), for support of his contention. *Luleff,* however, dealt with a court appointed attorney's failure to file an amended Rule 29.15 motion. The Supreme Court concluded:

> If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, . . . allowing time to amend the *pro se* motion, if necessary, as permitted under *Rule 29.15(f)*.

*Id.* at 498. Poindexter never paid the filing fee when the circuit court notified him that he could not proceed *in forma pauperis*. It was his failure to act—not his attorney's— that caused the dismissal of his *pro se* motion. Poindexter did not hire an attorney until after the circuit court had dismissed his case.

■ Finally, Poindexter asserts that the circuit court should not have dismissed his Rule 29.15 motion without providing him with advance notice that his motion was in jeopardy. We agree.

In support of his contention, Poindexter relies on *Wheatley v. State,* 559 S.W.2d 526 (Mo. banc 1977), in which the circuit court summarily dismissed a defendant's Rule 27.26 motion without notifying the defendant. The Supreme Court reversed the dismissal:

> " 'It is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding, or motion in court, that party should be notified in order that he may appear for his own protection[.]' " *Id.* at 527 (citation omitted). The court went on to say:

> 'In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice. Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power.'

*Id.* (citation omitted). The court concluded that "the orderly way to proceed consistent[ly] with due process . . . was to notify counsel of the court's intention to rule on the

matter at a time certain, which the court could easily have done, and permit counsel an opportunity to be heard[.]" *Id.*

The state correctly points out that *Wheatley* involved a former post-conviction rule (Rule 27.26) and that the current post-conviction rules (Rules 24.035 and 29.15) and the time requirements in those rules serve as the necessary notice to be given to movants before a motion is dismissed or denied. *See Chatman v. State*, 766 S.W.2d 724 (Mo.App. 1989), and *Johnson v. State*, 773 S.W.2d 239 (Mo.App.1989). Both Rules 24.035 and 29.15 say, "Within fifteen days after the date an amended motion is required to be filed, the court shall determine whether to grant a hearing." The courts have interpreted this provision as "notice to a movant that the court is going to rule on his motion for an evidentiary hearing within 15 days after a verified amended motion is required to be filed" and which "embodies the due process protection formerly provided [post-conviction] movants by case law in decisions such as *Wheatley* [.]" *Chatman*, 766 S.W.2d at 726; *Johnson*, 773 S.W.2d at 240.

The "built-in" notice, however, works only if a defendant files an amended motion. The rule does not speak of Poindexter's situation; *i.e.*, the dismissal of a *pro se* motion for not paying a filing fee. The rule does not provide the due process protection in this case as it did in the *Chatman* case.[3] Hence, relying on the rationale of *Wheatley*, we conclude that "the orderly way to proceed consistent with due process ... was to notify [Poindexter] of the court's intention to rule on the matter at a time certain, which the court could easily have done, and [to] permit [Poindexter] an opportunity to be heard[.]" *Wheatley*, 559 S.W.2d at 527.

We recognize the line of cases from this court which speak in terms of "summary dismissal" in regard to *in forma pauperis* motions. *See Trice v. State*, 792 S.W.2d 672, 674 (Mo.App.1990); *Cooper v. Jones*, 763

S.W.2d 386, 387 (Mo.App.1989); and *State ex rel. Coats v. Lewis*, 689 S.W.2d 800, 806 (Mo.App.1985). These cases endeavor to set forth the appropriate procedure for handling *in forma pauperis* motions. As this court said in *Cooper*, "When a plaintiff seeks to sue as a poor person, the court should provisionally file the suit papers subject to summary dismissal if the court determines the plaintiff not to be indigent[.] 763 S.W.2d at 387. These cases do not stand for the principle that the motions can be summarily dismissed without notice. As we noted earlier, in *Wheatley* the Supreme Court considered a motion which the circuit court had summarily dismissed. The Supreme Court still required that 'whenever a party's rights are to be affected by a *summary proceeding*, ... that party should be notified in order that he may appear for his own protection[.]' " *Wheatley*, 559 S.W.2d at 527 (emphasis added).

Dismissal of Poindexter's motion foreclosed Poindexter from filing another Rule 29.15 motion because the deadline for filing such a motion had passed. Poindexter's rights, therefore, were substantially affected by the court's summary dismissal of his *pro se* motion. In such circumstances, a movant should be entitled to notice prior to a dismissal of his *pro se* Rule 29.15 motion.

The state argues that even had the circuit court given Poindexter notice of the dismissal, the notice would have been too late for Poindexter to pay the filing fee. It contends that the filing fee had to have been submitted within the time allowed for filing the *pro se* motion. We disagree. As this court recognized in *Trice*, 792 S.W.2d at 674, pursuant to § 483.530, the payment of the filing fee is not required at any particular time and is not a jurisdictional requirement. Thus, the petition is deemed filed even without payment of the filing fee. *Id.* Although *Trice* recognizes that the circuit court can impose sanctions or dismiss the action for the failure to pay the filing fee, we conclude that in this

---

**3.** Rule 29.15(f) says, "Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed." In this case, the court did not appoint counsel, and no attorney entered his or her appearance for Poindexter until after the circuit

court had dismissed his motion. Thus, the time limitations for filing an amended motion had not even began running. (This rule has been amended, but the new rule applies only to proceeding where the sentence was pronounced on or after January 1, 1996.)

situation, the circuit court was required to give Poindexter notice and an opportunity to be heard before it dismissed his case for not paying the filing fee.[4]

### Conclusion

We affirm Poindexter's convictions for trafficking in the second degree and possession of a controlled substance. We reverse the circuit court's dismissal of his Rule 29.15 motion because the circuit court did not give Poindexter notice, and we remand to the circuit court to give Poindexter an opportunity to be heard.

SMART, P.J., and ELLIS, J., concur.

4. In its motion for rehearing, the state questions "what issues [Poindexter] is entitled to be heard about." Giving Poindexter notice that his motion would be dismissed if the filing fee was not paid would give Poindexter the opportunity to show cause for any number of reasons why he should not be dismissed for not paying the filing fee, including that he had paid it. In *Trice*, 792 S.W.2d at 674, the court recognized that the filing fee for a Rule 29.15 motion is not required at any particular time; thus, it would be in the circuit court's discretion whether to dismiss the case for failure to pay the filing fee after giving Poindexter the opportunity to be heard.