**Douglas W. JAMESON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 82312.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 20, 2004.

S. Kristina Starke, Office of the Public Defender, St. Louis, MO, for appellant.

John Munson Morris, III, Office of the Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Douglas Jameson ("Movant") appeals from a judgment of the Circuit Court of St. Charles County which (1) dismissed his Rule 29.15 Motion for Post–Conviction Relief ("the Motion") for failing to timely file it and (2) considered and denied each of the substantive claims of ineffective assistance of counsel Movant raised in his Amended Motion. We reverse the motion court's dismissal and affirm the denial of Movant's substantive claims.

### Statement of the Facts and Proceedings Below

Sierra Knickmeyer ("Victim") died on October 19, 1997 at the age of seventeen (17) months. Dr. Mary E. Case, St. Charles County Medical Examiner, performed an autopsy on the Victim. The autopsy revealed bruising on Victim's abdomen, chest, back, lungs, pubic area, right hand and left wrist. Victim's leg was in a cast, having been broken in two places approximately two weeks prior to her death. Victim also had a broken left wrist. At trial, Dr. Case testified that the injuries she observed during the autopsy were con-sistent with the child having been struck in the abdomen with a knuckle or fist.

Movant was charged with murder in the first degree, based on the allegation that Movant killed the Victim by striking her in the abdominal area causing internal hemorrhaging. At the trial, evidence indicated that, before Victim's death, Victim's mother, Chastity Knickmeyer ("Knickmeyer") began dating Movant. Shortly thereafter, day care workers noticed multiple injuries to the Victim.

At trial, Movant testified that on October 19, 1997, he took the Victim outside to play because she had been "fussy." Movant claimed he held Victim by her hands and swung her in circles in what he called an "airplane swing." Movant stated that, while swinging Victim, he tripped over a dog cable and lost his grip of Victim, causing her to fly out of his hands and hit a swing set pole. Movant claimed he panicked and ran towards the Victim, but because his feet were entangled in the dog cable, tripped and fell on top of Victim with his knee.

Movant testified that, when he picked up Victim, she began slumping her head and gasping for air. Movant and Knickmeyer took Victim to the hospital where Victim later died. At the hospital, Movant spoke with investigators. When asked what had happened to Victim, Movant explained that Victim had fallen from a swing onto a plastic toy.

A jury found Movant guilty of murder in the second degree, and recommended a twenty (20) year sentence. On July 24, 1998, the trial court sentenced Movant to a term of twenty (20) years. Movant appealed and we affirmed Movant's conviction. *State v. Jameson*, 11 S.W.3d 751 (Mo.App. E.D.1999). We issued our Mandate on April 6, 2000.

On July 5, 2000, with the assistance of an unretained attorney, Movant faxed a twelve page Rule 29.15 Motion to the Clerk of St. Charles County ("the Clerk"). The Clerk received the Motion, file-stamped and docketed it on July 5, 2000. On July 6, 2000, Movant, through the same attorney, deposited a hardcopy of the July 5th Motion with the Clerk. The Clerk file-stamped the document but did not docket it and there is no reference to it in the Circuit Court's docket sheet. Movant filed an Amended Motion on February 25, 2002.

Thereafter, the motion court conducted an evidentiary hearing on the Rule 29.15 Motion and issued Findings of Fact, Conclusions of Law and Judgment, concluding that Movant filed his Motion one day out of time and, accordingly, dismissing his Motion. In addition, the motion court addressed and denied Movant's substantive claims "in the event that an appellate court should determine that Movant's Motion was timely filed."

Movant appeals, contending that: (1) he timely filed his Motion; (2) trial counsel failed to adequately investigate and prepare a defense to contradict the evidence presented by the State's expert, Dr. Mary Case, and failed to adequately prepare his expert, Dr. Friedlander; (3) trial counsel failed to object to various improper remarks made by the prosecuting attorney and appellate counsel failed to raise issues relating to prosecutorial misconduct; and (4) the cumulative effect of all instances of ineffective assistance of counsel deprived Movant of a fair trial.

### Standard of Review

Our review of the dismissal of the Motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). Likewise, our review of the motion court's findings and conclusions with respect to Movant's substantive claims is governed by a clearly erroneous standard. *Helmig v. State,* 42 S.W.3d 658, 665–66 (Mo.App. E.D.2001). Findings and conclusions are clearly erroneous only if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* at 666.

### Discussion

### I. Timeliness

■ This Court issued its Mandate on April 6, 2000, thus requiring Movant to file his Motion on or before July 5, 2000. Through an attorney who Movant had not yet hired, he faxed his twelve-page Motion to the Clerk on July 5, 2000. The Clerk received the Motion, docketed and file-stamped it on July 5, 2000. St. Charles County permits facsimile filing and has promulgated Local Rule 3.4 to govern the practice. Local Rule 3.4 provides, in pertinent part:

Whenever only one copy of a motion, pleading or other document is required to be filed, and that document is ten (10) pages or fewer in length, and no filing fee or cost deposit is required for the filing, the document may be filed with the Court by facsimile transmission pursuant to Rule 43.

A document received by facsimile transmission will be deemed as of the date and time recorded by the facsimile. The party transmitting the document is responsible for the completeness of the transmission.

■ A Rule 29.15 motion is filed "when it is received by the proper officer and lodged in his office." (citation omitted) *Phelps v. State of Missouri,* 21 S.W.3d 832, 833 (Mo.App. E.D.1999); *Jones v. State,* 24 S.W.3d 701, 703 (Mo.App. E.D.1999). The date the Clerk's office actually receives the

document, as evidenced by the file stamp, is crucial in determining timeliness. *Broom v. State*, 111 S.W.3d 563, 566 (Mo. App. W.D.2003). Here there is no question that the Clerk received, file-stamped and docketed the Motion on July 5, 2000.[1]

 The State admits that the Clerk received and file-stamped the Motion on July 5, 2000 but argues that the Clerk violated the Local Rule in doing so. More specifically, the State argues that because the Motion exceeded the permissible facsimile page limit by two pages the Clerk was required to refuse to file it. The State also contends that Movant failed to pay a required filing fee.[2]

In support of its position, the State relies on several cases standing for the general proposition that time limits contained in Rule 29.15 are jurisdictional and that timely mailing is insufficient to toll the limitation period. None of these cases, however, involve a situation in which a clerk's office received, file-stamped and docketed a motion for post-conviction relief within the time limits set forth by the applicable rule.

The State's contention that the Clerk had a duty not to accept the Movant's pleading is also unsupported. Indeed Missouri decisions which address analogous issues support the opposite conclusion. See *Lewis v. State*, 845 S.W.2d 137 (Mo. App. W.D.1993) (clerk improperly failed to lodge timely Rule 24.035 motion which was not accompanied by proper number of copies); *Trice v. State*, 792 S.W.2d 672 (Mo. App. W.D.1990) (clerk improperly refused to lodge timely Rule 29.15 motion not accompanied by a filing fee). As the Court held in *Lewis*, despite movant's clear failure to comply with the technical requirements of Rule 24.035, "the filing occurred on the date of receipt in the clerk's office." *Lewis*, 845 S.W.2d at 139.

 In the instant case, the record supports a finding that the Clerk received, filed and docketed the Motion on July 5, 2000. The motion court erred in dismissing the timely filed Motion and we accordingly reverse and review the Movant's appeal of the motion court's denial of his substantive claims.[3]

## II. Preparation of Defense Expert

 Movant alleges that his trial counsel inadequately investigated and prepared a defense to contradict the testimony of prosecution witness Dr. Case and failed to adequately prepare the defense expert, Dr. Friedlander, to testify.[4] To prove ineffec-

1. On July 6, 2000, the Clerk received a hardcopy version of the facsimile motion. The Clerk file-stamped the document "FILED, July 6, 2000." However, the certified docket sheet contains no entries for July 6, 2000 and there was no evidence presented suggesting that the Clerk lodged the July 6th hardcopy.

2. Contrary to the State's contention, Rule 29.15 specifically provides that "[n]o cost deposit shall be required." Moreover, the payment of the filing fee, if owed, "is not required at any particular time and is not a jurisdictional requirement." *State v. Poindexter*, 941 S.W.2d 533, 538 (Mo.App. W.D.1997). The motion is "deemed filed even without payment of the filing fee." *Id.*

3. By issuing findings of fact and conclusions of law responsive to Movant's substantive claims, the motion court provided an adequate basis for meaningful appellate review. *Lewis*, 845 S.W.2d at 139. "A remand would serve no purpose where the motion court has afforded the defendant a full review on all of his claims." *Fandrich v. State*, 827 S.W.2d 270, 272 (Mo.App. E.D.1992).

4. Movant contends, for the first time on appeal, that counsel inadequately prepared for the cross-examination of Dr. Case. Because this claim was not presented to the motion court, it cannot be raised for the first time on appeal. *Amrine v. State*, 785 S.W.2d 531, 535 (Mo. banc 1990).

tive assistance of counsel, Movant is required to demonstrate that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that his defense was prejudiced by counsel's poor performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Deck v. State*, 68 S.W.3d 418, 425 (Mo. banc 2002). Movant must establish both *Strickland* prongs in order to prevail. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc.1997).

Movant satisfies the first prong of the *Strickland* test only if he overcomes the presumption that the challenged action constituted sound trial strategy and was a decision appropriately made in the exercise of professional judgment. *Helmig*, 42 S.W.3d at 667. The second *Strickland* prong necessitates that Movant "show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998).

Movant contends that, during direct examination, "trial counsel incompetently elicited a misleading opinion that *all* of the victim's abdominal injuries could not have been caused by a knee as described in movant's trial testimony." (emphasis in original) Movant also argues that trial counsel failed to ask Dr. Friedlander questions regarding the age of Victim's numerous bruises.

A review of the record demonstrates that, contrary to Movant's assertions, counsel successfully elicited testimony from Dr. Friedlander that contradicted the testimony of the State's witness, Dr. Case. In fact, Dr. Friedlander testified to problems and oversights in Dr. Case's autopsy. For example, while Dr. Case testified that Victim died as a result of being struck in the abdomen with a fist, Dr. Friedlander opined that Victim could have died when an old liver injury was reopened. More-

over, Dr. Friedlander asserted that the reopening of an old wound, leading to the death of Victim, could have been accidental.

The motion court found "the testimony of Dr. Friedlander and Dr. Case presented an issue of credibility which was for the jury, and issues regarding conflicting evidence and witness credibility are jury issues." In response, Movant cites *Perkey v. State*, 68 S.W.3d 547 (Mo.App. W.D. 2001) and *Cravens v. State*, 50 S.W.3d 290 (Mo.App. S.D.2001) for the proposition that failure to present favorable expert testimony is a proper basis for an ineffective assistance of counsel claim. Claimant's reliance on these cases is misplaced. *Cravens* involved a trial attorney who made no investigation as to the propriety of independent experts and, consequently, failed to call expert witnesses whose testimony could have supported a key element of the defense. Likewise, in *Perkey*, trial counsel failed to interview and call the victim's doctor despite the fact that the doctor's testimony directly contradicted the prosecution's theory of causation.

In this case, there is no basis to conclude that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney. Trial counsel clearly met with Dr. Friedlander prior to trial to review the evidence and prepare Dr. Friedlander to testify on behalf of the defense at trial. Dr. Friedlander, in fact, testified in support of the defense theory. Movant fails to overcome the presumption that counsel's failure to ask certain questions constituted trial strategy developed in the exercise of professional judgment. *Helmig*, 42 S.W.3d at 667.

### III. Objections to Prosecutorial Conduct

Movant contends that trial counsel failed to object to improper prosecutorial re-

marks, and accordingly, neglected to preserve the prosecutor's conduct as a basis for appeal. Movant also asserts that appellate counsel failed to challenge certain incidents of prosecutorial misconduct on appeal.

■ First, Movant argues that trial counsel should have objected when the prosecutor asked, in response to Movant's direct testimony that he had never hurt a child before, if Movant had ever hurt his own son. Clearly, Movant opened the door to earlier acts of misconduct by claiming he previously had never hurt a child. *State v. Collier*, 892 S.W.2d 686, 690 (Mo. App. W.D.1994). Trial counsel is not ineffective for failing to make non-meritorious objections. *Bucklew v. State*, 38 S.W.3d 395, 400 (Mo. banc 2001). Decisions regarding whether and when to make objections are the responsibility of trial counsel. *Helmig*, 42 S.W.3d at 678.

■ Movant also alleges that trial counsel was ineffective for failing to object to the prosecutor's request that Movant comment on the truthfulness of several prosecution witnesses. Although, we agree that an attorney should not ask a witness to comment on another witness's veracity, we are not convinced that counsel's failure to object to these questions resulted in prejudice sufficient to satisfy the requirements of *Strickland*.

■ Movant further claims that trial counsel failed to object to the prosecutor's references to Movant securing counsel prior to police questioning and choosing to remain silent. However, a review of the transcript reveals that trial counsel, rather than the prosecutor, initially raised Movant's post-arrest behavior. In fact, during direct examination, Movant testified that he wanted to speak with the detectives, but his lawyer advised against it.

■ At the evidentiary hearing, Movant's attorney asked trial counsel about his failure to object to the prosecutor's comments regarding Movant's silence. Trial counsel explained:

> [S]ometimes in the heat of battle you don't object to certain statements made by the prosecutor because you don't want to draw further attention to them. I had a problem with the fact that [Movant] initially lied to the police, and I had to deal with that problem. So I don't think I wanted to continue to object to those statements.

Counsel's decision not to highlight a problematic area through objection is sound trial strategy and not a basis for a finding of ineffective assistance of counsel. *Hall v. State*, 16 S.W.3d 582, 586 (Mo. banc 2000).

■ Movant additionally contends that trial counsel failed to object to the prosecutor's improper personalization during cross-examination. Improper personalization occurs when counsel asks the jurors to put themselves, or another person, in the victim's shoes. *Id.* at 585. Here the prosecutor stated, "I think you punched that child right in the abdomen. I think you punched it more than once." Where, as here, the prosecutor did not ask the jurors, or another identifiable person, to put themselves in the place of Victim, there is no improper personalization. *Id.* Trial counsel is not obligated to make non-meritorious objections. *Bucklew*, 38 S.W.3d at 400. Likewise, appellate counsel did not have an obligation to raise this unpreserved, non-meritorious issue on appeal.

■ Finally, Movant asserts that trial counsel failed to object to the comments the prosecutor made during the rebuttal portion of his closing argument. Movant claims the prosecutor injected irrelevant, extraneous and prejudicial material. We

**892**

have reviewed the transcript of the prosecutor's rebuttal and fail to perceive any prejudice.

Based on our review of the record, we conclude that the motion court did not clearly err in denying Movant's claim that counsel was ineffective for failing to object to the prosecutor's remarks during cross-examination and closing.

### IV. Cumulative Effect

Movant alleges that the cumulative effect of ineffective assistance of trial and appellate counsel deprived him of a fair trial. In light of the fact that none of Movant's allegations of ineffective assistance of trial and appellate counsel satisfy both prongs of the *Strickland* inquiry, we do not have compounding, egregious errors or multiple deficiencies in performance necessitating reversal. *State v. Storey*, 901 S.W.2d 886, 902 (Mo. banc 1995).

### Conclusion

The judgment of the motion court dismissing Movant's 29.15 Motion is reversed and the denial of Movant's substantive claims is affirmed.

BOOKER T. SHAW, P.J., and LAWRENCE G. CRAHAN, J., Concur.