UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 4/25/96**

CHARLES TIMOTHY KLING,

      Plaintiff-Appellant,

vs.

G. GREG VALDEZ, Individually and in
his official capacity as Third Judicial
District Attorney; RAMON ACOSTA,
Individually and in his capacity as an
employee of the Third Judicial District
Attorney,

      Defendants-Appellees.

No. 95-2131
(D.C. No. CIV 94-618-M)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before PORFILIO, McKAY, and KELLY, Circuit Judges.[**]

Mr. Kling appeals from a summary judgment entered in favor of Defendants-

Appellees on his civil rights and state law claims in connection with his termination as an

investigator. Although he was ordered reinstated and awarded back pay in a state post-

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

termination proceeding, he contends that qualified immunity for the Defendants was improper and that his First Amendment claim alleging termination due to political activity should have gone forward. Our review of these legal issues is de novo.

Mr. Kling cannot assert a constitutional right for deprivation of substantive or procedural due process under our precedent given the remedies afforded him. See Workman v. Jordan, 32 F.3d 475, 479 (10th Cir. 1994), cert. denied, 115 S. Ct. 1357 (1995); Archuleta v. Colorado Dep't of Institutions, 936 F.2d 483, 489-90 (10th Cir. 1991). Therefore, qualified immunity was properly granted. See Siegert v. Gilley, 500 U.S. 226, 232-33 (1991). While we may agree that a state post-deprivation remedy does not necessarily foreclose a First Amendment retaliation claim, cf. Williams v. St. Louis County, 812 F.2d 1079, 1081 n.3 (8th Cir. 1987), it is unlikely that the complaint envisioned an independent First Amendment claim. Be that as it may, Plaintiff's response to the Defendants' motion for summary judgment was wholly inadequate to preclude summary judgment on such a claim, consisting of references to allegations contained in the complaint. See III R. doc. 40 at 3-6. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Plaintiff was required to come forth with evidence; Defendants were not required to negate the allegations. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge